# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## MOORE v. LIPSCOMBE.

### NOVEMBER 11th, 1886.

1. EQUITABLE JURISDICTION AND RELIEF—*Judgment at law.*—Relief in equity will always be granted where failure to defend at law resulted from the acts or representations of the opposite party, or his agents, or from fraud, surprise, accident, or other adventitious circumstance, beyond complainant's control. *Dey* v. *Martin*, 78 Va. 1.

2. IDEM—*Idem—Case at bar.*—M. brought *assumpsit* against L. and filed copy of account, which was served with summons on L. At next term there was judgment by default. L. was absent from the State, and made no defence, having, on being so served, seen M.'s attorney, told him he was about to leave the State, asked him if the case would be tried at the ensuing term, and been informed by him that he, L., might rest assured that there would be no trial of the case at that term as he was incapable, by reason of an accident, to attend the court. L. obtained an injunction to the judgment. Upon hearing an issue was directed to ascertain the amount, if any, due M. from L. On appeal—

HELD :

 The case was a proper one for equitable relief, and the direction of the issue was the proper course. *Wynne* v. *Newman*, 75 Va. 815. But as the decree complained of was not one from which, under Code 1873, chapter 178, section 2, an appeal properly lies, the appeal should be dismissed.

Appeal from decree of circuit court of Chesterfield county, rendered 15th August, 1882, in the chancery cause of William C. Lipscombe, complainant, against Lauriston C. Moore, defendant.

Opinion states the case.

*W. P. Morris, Clay & Tucker,* and  *W. V. Wilson, Jr.,* for the appellant.

*B. H. Nash,* for the appellee.

HINTON, J., delivered the opinion of the court.

This is an appeal from a decree directing an issue to be tried at the bar of the court to ascertain what amount of money, if any, was due from the appellee, W. C. Lipscombe, to the appellant, Lauriston S. Moore, for services alleged to have been rendered the former by the latter. In directing this issue the court had merely pursued the course indicated by this court in *Wynne* v. *Newman,* 75 Va. 815, as proper in cases of this character. There had been a judgment by default in the action at law, which the bill had been brought to enjoin, and the court, without dissolving the injunction which it had previously awarded, directed an issue as stated above.

From this decree the court is of opinion no appeal will lie. It is not a final decree, nor is it a decree dissolving an injunction, or requiring money to be paid, or the possession or title of property to be changed, or adjudicating the principles of a cause. It does not, therefore, fall within the provisions of sec. 2, ch. 178, of the Code, and the appeal must be dismissed as having been improvidently awarded.

The appellant must also fail if the decree in this case could, as it cannot, be considered as a decree from which an appeal would lie. As the record shows, the judgment was obtained under the following circumstances. The original summons was made returnable to February rules, 1882, and it, with a copy of the account for the alleged services, was duly served upon the defendant, Lipscombe; and he being compelled to visit New Orleans in the month of April, 1882, after the commence-

ment of the common law action, and before the term of the circuit court in that year, visited Mr. C. W. Turner, the attorney of Moore, for the purpose of making an arrangement about the trial of the case. Mr. Turner was at the time confined to his room by a severe injury received in the breaking down of a span of Mayo's bridge, and he, according to his own testimony, told Lipscombe, in answer to the enquiry whether he was going to demand a trial of the case above mentioned at the May term, 1882, that he would not; that he would not attend the court, and that he, Lipscombe, might rest assured that he should not ask for a trial of the case; that he had no intention of trying the case. Relying upon this assurance of the plaintiff's attorney, and knowing that if no trial of the case was to be had at the May term, that he would have nearly eight months within which to employ counsel and make his preparation for a defence; he was "completely thrown off his guard," and prevented from making his defence to the common law suit, and at the May term, 1882, a judgment by default was rendered against him.

It is now insisted, with much earnestness, that the judgment is the result of Lipscombe's own negligence and ignorance of law, and that against a judgment thus obtained equity will not relieve. This position, however, we think cannot be sustained, and is founded upon a misconception of the meaning of what passed between Lipscombe and Turner. It may be, and doubtless it is true, that Lipscombe did not know that a judgment could be rendered against him without the plaintiff's attorney taking any steps in the matter. But it is also true that the object of Mr. Lipscombe's visit to Mr. Turner was to ascertain whether a judgment would be rendered against him at the May term, if *from any cause* he made no defence, and not merely to learn whether he would *ask for or insist upon a trial* within the literal meaning of those words; and from the assurances of

Opinion.

Mr. Turner on this point it was natural that he should believe that there would be no judgment at the May term, and that there was no necessity for his looking after the case at that time. Conceding, for the sake of argument, that Lipscombe knew nothing himself of a necessity of a plea, it seems clear that the assurance of Turner prevented him from employing a lawyer previous to the May term of the circuit court, who would have known, and, we must presume, would have done what was necessary in the matter, and so was the occasion of Lipscombe's default. The case cannot be distinguished in principle from the case of *Holland* v. *Trotter*, 22 Gratt. 144, in which this court held that the defendant "had been misled and prevented from making his defence · *   *   * by the representations and assurances of the plaintiff's agent and attorney." In such cases Lewis, P., speaking for the majority of the court · in *Dey* v. *Martin*, 78 Va. 1, says, "relief will always be granted when it is shown that the failure to successfully defend at law was because of the acts or representations of the opposite party or agents, or the result of fraud, accident, surprise, or some other adventitious circumstance beyond the control of the party complaining." From what has been said it results that the appeal must be dismissed; and as the case goes back for a trial of the issue, we will forbear to discuss the character of the defence.

Appeal dismissed.