# Staunton.

## THOMAS AND OTHERS v. BOYD AND OTHERS.

### September 10, 1908.

### Absent, Keith, P.

1. INJUNCTIONS—*Judgment by Default.*—A court of equity will not enjoin a judgment by default at law on account of defenses which should have been made at law unless it is shown that the reason why defense was not made at law was founded in fraud, accident, surprise or some adventitious circumstances beyond the control of the judgment debtor.

2. EQUITY PRACTICE—*Objection to Deposition—Waiver—Appeal and Error.*—Objections to depositions not called to the attention of the trial court will be deemed to have been waived in the appellate court.

3. PUBLIC ROAD—*Gates—Injunction to Removal—Case in Judgment.*—The evidence in this case shows that an application for a road with gates was made, that viewers were appointed and made their report, and process was issued against such of the proprietors as did not waive their claim for damages. Eight out of nine proprietors did waive. No further steps were taken. Some ten months thereafter substantially the same persons applied for a road without gates on practically the same location. When the second application was made and the land owners were asked to waive their damages, it was represented to them by some of the active applicants for the road that the road was to be of the same kind as that first applied for, and that the reason why a second application was necessary was because the papers in the first had been lost. It was generally understood in the community that it was to be a road with gates, and the viewers had the same impression, gathered from the land owners and the applicants for the road. The order establishing the road was silent as to gates, but immediately after its establishment gates were erected. The right to do so was not questioned until just before the present suit was instituted. But for the belief that the road was to be a gate road, the land owners would have claimed damages, which would have been very heavy as

to some of them, and would have made defense. The board of supervisors of the county were requested to have the gates removed, when an injunction was obtained to restrain the removal of the gates.

*Held:* Under all the facts and circumstances of the case the land owners were not guilty of negligence or want of diligence in failing to ascertain the facts and make defense to the second application, and the injunction should be awarded.

Appeal from a decree of the Circuit Court of Russell county. Decree for defendants. Complainants appeal.

*Reversed.*

The opinion states the case.

*W. W. Bird,* for the appellants.

*R. S. Meade* and *E. S. Finney,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The object of this suit was to enjoin the removal of gates on a public road running through the lands of the complainants and others, from one public road to another, in the county of Russell.

The orders of the circuit court and the board of supervisors of that county, establishing the road upon which the gates are located, are for a road without gates, though gates were erected upon it when it was opened, and have been kept upon it since that time.

Upon a hearing of the cause, the court dissolved the injunction which had theretofore been granted, except as to one of the tracts of land, thus leaving the road an open road about three-fourths of its length, and a gate road as to the residue. From that decree this appeal was allowed.

The first question to be considered is whether or not the appellants have shown that the reason why they did not make the defense to the establishment of the road without gates, in

the proceeding at law, is such that a court of chancery can grant the relief prayed for.

The grounds upon which a court of equity will entertain a party seeking relief against a judgment rendered in a court of law, in consequence of his default in making a defense which should have been made in that forum, are well defined and firmly established. It must be shown that the reason why such defense was not made at law was founded in fraud, accident, surprise, or some adventitious circumstances beyond the control of the party. *Holland* v. *Trotter*, 22 Gratt. 136, and cases cited; *Thomas* v. *Jones*, 98 Va. 323, 30 S. E. 382, and cases cited.

The record shows that in April, in the year 1903, an application was made for the establishment of a road with gates upon substantially the same location as the road in controversy. The viewers appointed by the county court upon that application made their report, and process was directed at the May term following against such of the land owners as had not agreed in writing to waive their claim for damages.

The evidence shows that damages were waived by eight of the nine land owners through whose land the road was located. For some reason, which the record does not satisfactorily disclose, no further steps were taken in that proceeding. ·

In March, 1904, an application was made in the circuit court by the same persons, with one or two exceptions, for the establishment of the road in controversy, and viewers appointed. At the May term, 1904, of the court, the viewers having made report, an order was entered directing process to be issued against the land owners to show cause why the road as reported should not be established. During that same term, an order was entered, in which, after stating that no defense was being made and that all the land owners had been duly served with notice, it was directed that the case should be certified to the board of supervisors on the question of damages. Only one person, C. H. Purcell, claimed damages. His claim was al-

lowed, and the road ordered to be opened by the supervisors at their meeting in June, 1904.

When the road was opened, gates were erected by the appellants and the other land owners, and their right to do so was not questioned until some time during the year 1907 when, at the suggestion of some of the applicants for the road, the land owners were summoned before the supervisors to show cause why the gates should not be removed. Then, or very soon afterwards, the appellants learned that the road had been established without gates.

It is impossible to read the record in this case without being convinced that when the road in question was applied for and established the appellants believed that it was a gate road; that upon that belief they waived their right to damages; and but for such belief, caused in part at least by some of the applicants for the road, they would have objected to an open road, claimed damages and made defense. The first application was for a gate road. When the second application was made and the appellants were asked to waive their rights to damage, it was represented to them by some of the active applicants for the road that it was for the same kind of a road as was first applied for, and that the reason why a second application was necessary was because the papers in the former proceeding had been lost. One of the three viewers, Mr. Gibson, who located the road, testified that he thought the view was for a gate road; that this impression was made upon his mind by all the parties along the line—by those through whose lands it passed and by the applicants; and that his associate viewer, Mr. Candler, who was dead when the witness was testifying, also believed that it was a gate road. This evidence of Mr. Gibson was objected to when his deposition was taken, but as neither that objection nor any other made when the depositions were taken was called to the attention of the court below, they must be treated as waived in the appellate court. *Fant* v. *Miller, &c.,* 17 Gratt. 187; *Martin* v. *South Salem Land Co.,* 94 Va. 28, 42, 26 S. E. 591; *McVeigh* v. *Chamberlain,* 94 Va. 73, 26 S. E. 395.

The evidence further shows that it was generally understood in the community that it was a gate road. That this was the understanding is strengthened by the fact that gates were erected all along the line when the road was opened, without question or objection, which could scarcely have been the case upon a road nearly four miles in length if the land owners and those using the road had not thought that it was a gate road.

The uncontradicted evidence shows that the damages for an open road for fencing and cutting off land from water would be very serious to many of the land owners, amounting in some cases to hundreds of dollars; and in the case of the land then owned by the Stuart Land & Cattle Company, to from one to two thousand dollars. To that tract of land it appears that the road is of little or no benefit, as another public highway passes through it. Yet, notwithstanding the great difference in the damages resulting from an open and a gate road, eight of the nine land owners make the same waiver of damages in the one case as in the other.

It is true that the appellants might have ascertained, by the examination of the record in the proceding at law, that the application was for an open road; but we do not think that under the facts and circumstances disclosed by the record they were guilty of negligence or want of diligence in failing to ascertain that fact and make defense in that proceeding.

We are of opinion, therefore, to reverse the decree appealed from, in so far as it dissolves the injunction as to the appellants, and enter such decree as the circuit court ought to have entered.

*Reversed.*