9991

DUNCAN *ET AL.* v. WESTERLUND *ET AL.*

(96 S. E. 531.)

PARTNERSHIP—RIGHTS OF SURVIVING PARTNER AS TO ESTATE OF DECEASED. —Where an accounting in 1890 showed deceased partner's estate owed the surviving partner, but such accounting did not take into consideration a partnership claim against the United States, and surviving partner, in 1917, received payment of the claim from the government, the estate of deceased partner could not participate in the distribution of the fund so recovered without first accounting for the amount adjudged due in the accounting to the surviving partner; the latter's right in the claim not being barred.

Before MAULDIN, J., Charleston, Spring term, 1918. Affirmed.

Action by Agnes Duncan and others against George D. Westerlund and others. Judgment for plaintiffs, and sundry defendants appeal.

*Messrs. Croft* and *Stansfield,* for the defendant, Donald J. S. Duncan, cite: *As to the cause of action being barred by the statute of limitations:* 209 Ill. 385; 70 N. E. 685; 119 Ill. 207; 9 N. E. 208; 111 Ga. 654; 57 L. R. A. 504; 9 S. E. 351; 30 S. C. 617; 11 Hill's Eq. 90; 1 Hill 292; 39 Cyc., p. 464, sec. 111; 118 U. S. 104.

*Messrs. Huger, Wilbur & Guerard,* for George D. Westerlund and others, defendants-appellants, cite: *As to the bar of the statute of limitations:* Civil Code of S. C. 1912, vol. II, sections 126, 148, 147, 157; 18 S. C. 280; 25 S. C. 234; 39 S. C. Law 501; 18 S. C. 324; 20 S. C. 49; 25 S. C. 228; 25

S. C. 293; 156 N. C. 482; 72 S. E. 842; 185 Pa. St. 447; 40 A. 293.

*Mr. Ernest L. Visanska,* for respondents, cite: *As to the indebtedness from the estate of Archibald Duncan to the estate of John Duncan being a partnership indebtedness due from the estate of Archibald Duncan to Jno. Duncan, as surviving partner:* 30 Cyc. 453; 29 Atl. (N. J.) 327; 5 Met. 585; 46 N. W. (South Dakota) 193; 108 Fed., p. 709. *As to the plea of the bar of the statute of limitations:* 52 S. C. 193; Code of Procedure, sections 136, 349 and 350; 118 U. S. 97; 117 U. S. 567; 30 Cyc., pp. 630-700; 6 N. W. (Mich.) 215; 73 Am. Dec. (Tenn.) 191; 68 Am. Dec. (Ind.) 604; 59 Am. Dec. (N. C.) 233; Story Partn., sec. 97; 56 N. W. (Ky.) 810; 9 Cal. 616; 87 Ill. 570; 36 Miss. 40; 9 Daly (N. Y.) 104; 6802 Federal Cases; 13 Ala. 752.

June 21, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This action was commenced on the 18th of June, 1917. Archibald Duncan and his son, John Duncan, were partners under the firm name of Archibald Duncan & Son. They owned and operated a machine shop, prior to the War Between the Sections, which during the latter part of the war was seized by the Federal authorities. Archibald Duncan died in 1880, but prior to his death the firm had not taken any proceedings for compensation for the use of the shop by the Federal authorities. In 1887 Alice Duncan, the widow of Archibald Duncan, commenced an action, as administratrix, against John Duncan as surviving partner, and against all the other heirs of Archibald Duncan, for the purpose of settling his estate, and likewise for the purpose of an accounting of the partnership business, and the payment of any balance that might be due by the firm to the

estate of her deceased husband. Upon the accounting it was ascertained that, instead of the firm being indebted to Archibald Duncan, his estate was indebted to John Duncan as surviving partner in the sum of $7,738.02, and leave was given to John Duncan as surviving partner to enter judgment for said amount against Alice Duncan as administatrix. Certain real estate belonging to Archibald Duncan was sold under said decree amounting to $1,467.73, and this was paid by the master to John as surviving partner, leaving a balance due of $6,270.29, as of the year 1890. No steps were taken to recover compensation for the use of the shop by the Federal authorities until 1907, when John Duncan, as surviving partner, placed the claim in the hands of certain attorneys. On the 10th of November, 1913, the Court of Claims of the United States rendered a decision that John Duncan, as surviving partner of the firm of Archibald Duncan & Son, was entitled to recover from the United States government $8,450. Congress subsequently passed an act authorizing the payment of said claim; and, after payment of the necessary expenses, there remained a balance amounting to $6,337, which was paid to the administratrix of John Duncan's estate in April, 1917, he having died in 1914. This suit was brought for the purpose of determining the rights of the respective parties in said fund.

The main issue in the case is whether the estate of Archibald Duncan shall be allowed to participate in the distribution of said fund, without first accounting for the amount adjudged to be due John Duncan, as surviving partner, by Archibald Duncan. His Honor, the Circuit Judge, ruled that the estate of Archibald Duncan was not entitled to any part of the fund, as the amount of his indebtedness to John Duncan as surviving partner exceeded the share in the fund to which otherwise Archibald Duncan would have been entitled. The question of retainer is discussed in the cases of *Wilson v. Kelly,* 16 S. C. 216; *Sartor v. Beaty,* 25 S. C. 293; *Stokes v. Stokes,* 62 S. E. 346, 40 S. E. 662, and others

in our Reports, but in none of them was the question under consideration involved. Briefly stated, the facts in the case of *Clay v. Freeman*, 118 U. S. 97, 6 Sup. Ct. 964, 30 L. Ed. 104, were as follows:

"A. and B., as partners, owned and operated a plantation. A. died in 1859, and B. carried on the enterprise as surviving partner. In December, 1859, he filed a claim against A.'s estate for one-half the amount due the partnership by A. The claim was not pressed at that time, and B. died in 1867, without having wound up the affairs or disposed of the assets of the partnership. On petition of A.'s administrator, showing no further assets than his interest in the partnership, and no other debts except his debt to the partnership, the property of the partnership was ordered sold, and was bid in by surviving heir at law of B., the purchase price being credited against the debt of A. to the partnership. This sale was set aside for lack of jurisdiction in 1882. An action had been commenced in 1880 by one of the heirs at law of A. for an undivided one-half of the partnership plantation. With this action pending, the sole heir at law of B. in possession filed a bill to enjoin the ejectment proceeding and to establish a lien in her favor against the interest of A. in the partnership property. This bill was dismissed on demurrer, on the ground that the action was barred by lapse of time, and on appeal the decree sustaining the demurrer was reversed."

The Court, after discussing the rule as to the rights of a pledgee and of a mortgagee in possession, proceeds as follows:

"The same rule applies in the case of partnership property in the possession of the surviving partner; he has a right to hold it until the debts of the firm are paid, and if the firm is indebted to him, he has the right to hold it until he is paid. It is true, it is his duty to dispose of the partnership property, and settle the partnership debts. But that is a duty to which he may, at any time, be compelled by the relatives

7—110.

of the deceased partner; and, although his neglect of delay in winding up the concern may expose him to the animadversion of the Court, and to the vigorous exercise of its power to compel him to do his duty, it will not relieve the partnership assets in his hands from the lien of the partnership debts.    Being in possession of those assets, he is not affected by the statute of limitations.    If the statute runs against anybody, it runs against the representatives of the deceased partner in relation to their right to call him to account.    The proposition that the partnership property can be taken out of the surviving partner's hands and distributed amongst the several partners and their representatives, without a settlement and payment of the partnership debts, including any balance due the surviving partner himself, is a proposition that equity will not for a moment entertain."

The appellant's attorneys, however, contend that the principles therein announced are not applicable to the case under consideration.    They argue that there was not a final accounting in the case of *Clay v. Freeman,* 118 U. S. 97, 6 Sup. Ct. 964, 30 L. Ed. 104, but that the accounting in the present case was final when leave was granted John Duncan, as surviving partner, to enter judgment against the estate of Archibald Duncan.

It cannot, however, be successfully contended that the accounting by which it was ascertained that the estate of Archibald Duncan was indebted to John Duncan as surviving partner, in the sum of $7,738.02, included all the partnership assets, for the reason that it has been shown beyond question that the claim against the Federal government was not taken into consideration in that accounting.    If it had been then administered, John Duncan, as surviving partner, would not have had the right to bring the action upon it, in the Court of Claims.    It is only by reason of the fact that the partnership continued in existence for the purpose of a final settlement that Archibald's estate can claim to have any interest in the fund.    If it had been included in the account-

ing, it would have ceased to be part of the partnership assets, and would have become the property of John Duncan, as the estate was indebted to him, and there were no outstanding partnership debts, and, while he might have instituted suit as an individual, he could not have sued in his representative capacity as surviving partner. *Bischoff v. Blease,* 20 S. C. 460.

Affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and FRASER concur.

MR. JUSTICE GAGE did not sit.