## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Greene

    v.

Southside Builders etc.

January 21, 1965

Case No. B-7292

By JUDGE ALEX H. SANDS, JR.

The facts as alleged in complainant's bill are, for the most part, admitted by defendant. The matter is before the Court upon complainant's motion to have made permanent the temporary injunction entered herein on January 22, 1964, under the terms of which defendant was temporarily enjoined and restrained from enforcing against complainant execution upon a judgment rendered in Civil Justice Court of the City of Richmond on September 30, 1963, in favor of the defendant against complainant.

Upon authority of *Lee v. Baird*, 14 Va. (4 Hen. & M.) 453 (1809), complainant contends that this judgment was obtained against him through default, his failure to appear, though properly served, being due to assurances by co-defendant Wood after discussion with attorney for the suing creditor that there would be no judgment taken by the creditor against either Wood or Greene in the suit and that a court of equity is empowered for this reason to enjoin enforcement of the judgment.

*Lee v. Baird*, decided in 1809, does in fact hold for the proposition asserted by complainant, i.e., that collection of a default judgment against one defendant resulting from his failure to appear due to his being misled by representations of the co-defendant may be enjoined by a court of equity. This decision, however,

appears to be contrary to the rule subsequently applied in Virginia. *See Moore v. Lipscombe*, 82 Va. 546 (1886); *Dey v. Martin*, 78 Va. 1 (1883); *Thomas v. Boyd*, 108 Va. 584 (1908). *Lee v. Baird* appears to have been cited upon only two occasions. The first instance is in *Poindexter v. Waddy*, 20 Va. (6 Munf.) 418 (1819). Not only is the citation *not* in the case itself but only in the headnote, but it is cited in support of the statement that equitable relief is proper where *plaintiff* makes the fraudulent representation upon which defendant relies. The second instance occurs in a *footnote* to *Lyman v. Lyman*, 15 Fed. Cas. 1147, 1153 (D. Vt. 1829), which case is completely foreign to the question here in issue.

The generally accepted rule appears to be that equitable relief will be granted only to a defendant who was prevented from asserting his defense in an action at law by the actions or assurances of the *plaintiff or his attorney.* See 30A Am. Jur. page 727, notes 7 and 8, and authorities cited. And even this rule has its limitations. "It must be shown that the reason why such defense was not made at law was founded in fraud, accident, surprise, or some adventitious circumstances *beyond the control of the party.*"

The obvious reason for a strict enforcement of this limitation is the necessity for prescribing some period at which litigation must cease. *Holland, etc. v. Trotter*, 63 Va. (22 Gratt.) 136 at 141 (1872).

Indeed, the chancellor in *Lee v. Baird* was apparently suffering some misgivings as to the soundness of his decision when he prefaced his opinion thus:

> I confess, it is a very doubtful point, whether, on account of Anderson's (co-defendant) conduct, a legal advantage obtained by Baird (plaintiff) at law, should be taken away.

In view of the above, this Court feels justified in not following *Lee v. Baird*.

There is, moreover, still another reason why the relief sought by complainant cannot be granted. Bearing in mind the generally accepted rule that to induce a court of equity to interfere with a judgment rendered at law, the case must be clear and strong. 30 Am. Jur.

702. Complainant's allegation (paragraphs 4 and 6 of complaint) that his failure to appear was based upon a "belief" that no personal judgment would go against him, falls far short of the required norm to state a case for equitable relief.

Complainant's prayer for a permanent injunction must, accordingly, be denied.