# Richmond.

## R. &. D. R. R. Co. v. Burnett.

January 7th, 1892.

1. EMPLOYER AND EMPLOYEES—*Safe appliances.*—It is the duty of employer to furnish and maintain reasonably safe and suitable appliances and not to expose employees to risks beyond those incident to the employment, and in contemplation at the time of entering therein.

2. IDEM—*Declaration.*—Where declaration alleges that it was the duty of defendants to have kept the brakes, etc. " in sufficient repair ";

HELD:

It is not demurrable as charging a higher duty than the law imposes. *Goodman* v. *R. R. Co.*, 81 Va. 580.

3. IDEM—*Instructions—Careful inspection.*—In action by brakeman injured by reason of defective brake on car in defendant's yard, this instruction given on plaintiff's motion: " If the jury believe that the injury was caused by a defect in the chain on the brake of defendant's car, without any fault on plaintiff's part, and that the defect was known to the defendant, or might have been known by a careful inspection of said chain and brake, then they should find for plaintiff; "

HELD:

Proper.

4. IDEM—*Two instructions of same tenor.*—Where instruction consists of two clauses—one of same tenor and effects as an instruction already given, the other not sustained by any evidence;

HELD:

Refusal to give it, no error.

5. NEW TRIAL—*Evidence certified—Section 3484.*—Where plaintiff's evidence is all clear and consistent to the point that the injury resulted from " the defective brake," and defendant's evidence is in conflict therewith, and defendant moves that the verdict be set aside as contrary to the evidence, which is certified, and defendant excepts to the overruling of the motion;

HELD:

This court is precluded from comparing and weighing the conflicting testimony, and must affirm the ruling.

Error to judgment of circuit court of Fairfax county, rendered June 11th, 1890, in an action of trespass on the case for an alleged negligent injury, wherein Richard C. Burnett was plaintiff, and plaintiff in error, the Richmond and Danville Railroad Company, was defendant. Opinion states the case.

*W. H. Payne,* for plaintiff in error.

*J. M. Johnson,* for defendant in error.

RICHARDSON, J., delivered the opinion of the court.

The facts, as they appear by the record, are as follows: The plaintiff, Richard C. Burnett, was a brakeman employed by the defendants, the said railroad companies, at their station at Alexandria, in shifting cars and making up trains. At that point numerous cars were received from the North for shipment southward. An arrangement called "a valley" was attached to the yard for the purpose of transferring these cars to the road of the defendants. For this purpose said defendants employed inspectors, brakemen and other agents. The plaintiff was one of these, and was, at the time of receiving the injury complained of, to-wit, on the 26th day of May, 1888, employed in making up a train, and two of the cars for such train were being run down into the "valley" under his direction as brakeman. There was a dip in track at the place of transfer, and as the cars approached this dip he undertook to put down the brakes in order to retard the speed of the cars. He first attempted to put down the north brake of the south car, but it would not act; and he then tried to bring to bear the south brake of the north car, and it also would not act. He then ran over to the north end of said north car (the two cars at the time moving northward) to put down the brake there, and he wound up that brake as tight as he could, but it did not catch in the "rachet"; and suddenly

the brake-wheel, against which he had thrown the weight of his body in attempting to operate the brake, whirled around and threw him forward into the middle of the track immediately in front of the moving cars, and he was in imminent danger of being run over and crushed to death. But being active and quick, by a desperate effort to save himself, he succeeded in removing his body from the track; but his right leg was caught, run over, and so mashed that it had to be amputated.

The two cars in question had not been inspected, though a week had elapsed since their arrival at said station of the defendants. A rule of the defendants required all cars to be inspected so as to ascertain whether or not the brakes and other appliances were in proper and sufficient order. At the trial the court overruled the demurrer of the defendants to the plaintiff's declaration; and also, at the instance of the plaintiff, gave the jury the following instruction:

"If the jury believe from the evidence that the injury to the plaintiff was caused by a defect in the chain on the brake of the defendants' cars, without any fault on the part of the plaintiff, and shall further believe that said defect was known to the defendants, or might have been known to it by a careful inspection of said chain and brake, then the jury should find for the plaintiff."

And the defendants asked the court to give to the jury the three instructions following:

"1. Whenever a claim for damages for injuries is asserted the injury must be shown by the plaintiff to have been caused by the negligence of the defendant, and the happening of the accident, without additional proof that it was caused by the negligence of the defendant, is not sufficient to establish the liability of the defendant.

"2. The court further instructs the jury that anyone entering the service of another assumes the ordinary risks incident to his service; and if the jury believe that the plaintiff was engaged in work which he had contracted to perform, and was

injured in the performance of such work, and the accident which caused his injury was incident to his employment, then the plaintiff is held to agree to incur such risks, and he cannot recover."

" 3. The court further instructs the jury that where the accident is alleged to have been the result of negligence, the plaintiff must prove the charge by satisfactory evidence; the law will not infer the fault without this proof. And if there should be no such proof, or if it should appear from the proof that the plaintiff was guilty of any act but for which the accident would not have happened, then he is guilty of contributory negligence, and cannot recover."

Of the three instructions thus asked for by the defendants the court gave the first two, but refused the third. And to the action of the court in giving the instruction asked for by the plaintiff, and in refusing to give their third instruction, the defendants excepted.

The jury returned a verdict for the plaintiff, assessing his damages at $2,500; and thereupon the defendants moved the court to set aside the verdict and grant them a new trial; but the court overruled the motion; and the defendants again excepted, and asked the court to certify the evidence, which was done. And the case is here upon a writ of error and *supersedeas* awarded the defendants by one of the judges of this court.

The several assignments of error will be considered in the order of their occurrence.

1. It is assigned for error that the court below should have sustained the demurrer of the defendants to the plaintiff's declaration, instead of overruling the same, because, it is alleged, that it charges upon the defendants a higher duty than the law imposes; that is, that " it was the duty of the defendants to have kept the brakes, &c., in sufficient repair," &c. It is at once obvious that the words " sufficient repair " are equivalent to the words " in proper repair and safe con-

dition," which last words were embodied in the instruction given the jury in the case of *Goodman* v. *R. & D. R. R. Co.,* 81 Va. 580 ; and were, by this court, in that case, pronounced highly favorable to the railroad company. But it is useless to multiply arguments to prove that when the requisite appliances of a railroad company are " in proper repair and safe condition," they are in " sufficient repair," that is, they are reasonably safe and suitable for the purposes for which they are intended, and are, therefore, in a sufficient state of repair— nothing more, nothing less. The settled doctrine is, that it is the duty of railway companies to furnish and maintain reasonably safe and suitable machinery and appliances and not to expose their employees to risks beyond those incident to the employment and in contemplation at the time of entering upon their employment. The declaration in the present case imports no more than this. We are, therefore, of opinion that the demurrer was properly overruled.

2. It is insisted that the court below erred in giving the instruction asked for by the plaintiff. We fail to discover any error in the action of the court in this respect. It was not only the duty of the court, under the law and facts of the case, to give this instruction as asked for, but the duty was all the more incumbent in view of *the rule* of the defendant company requiring the brakes, &c., of all cars transferred to their track to be inspected. If inspected at all, the inspection must of necessity be " a careful " one, else it would be valueless for the purposes in view. As already stated, the law imposes upon railroad companies the duty of furnishing and maintaining reasonably safe and suitable machinery and appliances. It is not enough simply to furnish these, they must be maintained also, and to effect this necessarily involves frequent and careful inspection. Hence, had the trial court declined to say to the jury that the duty of *careful inspection* was imposed upon the defendants, under the circumstances of this case, it would have been tantamount to an exoneration of the defen-

dant companies from the rule of due and ordinary care, which is universally recognized as the duty of such companies to their employees.

In *Goodman* v. *R. & D. R. R. Co.*, 81 Va. p. 586, Fauntleroy, J., delivering the opinion of this court, quotes approvingly from the opinion in *Brown* v. *The C. R. I. & P. R. Co.*, 53 Iowa, at p. 597, where it is said: "Negligence on the part of the corporation may consist of acts of omission or commission, and it necessarily follows that the continuing duty of supervision and inspection rests on the corporation. For it will not do to say that, having furnished suitable and proper machinery and appliances, the corporation can thereafter remain passive. The duty of inspection is affirmative, and must be continuously fulfilled, and positively performed. In ascertaining whether this has been done or not the character of the business should be considered, and anything short of this would not be ordinary care."

In *Clarke* v. *R. & D. R. R. Co.*, 78 Va., Judge Lacy, speaking for this court, says : "It was the duty of the company to exercise all reasonable care to provide and *maintain* safe, sound, and suitable machinery, road-way structures, and instrumentalities ; . and it must not expose its employees to risks beyond those which are incident to the employment, and were in contemplation at the time of the contract of service ; *and the employee has a right to presume that the company has discharged these duties.*"

And in *Baltimore and Ohio R. R. Co.* v. *McKenzie*, 81 Va. 71; Lewis, P., after adverting to the well-settled rule that the master is exempt from liability to his servants for the fault of their fellow servants, and after citing as the leading case on the subject *Farwell* v. *Boston and Worcester Railroad Corporation*, 4 Mit. (Mass.) 49, in which the rule was laid down by Chief-Justice Shaw, says : "There are exceptions, however, to the general rule as well established as the rule itself. Thus the master, to be exempt from liability, must himself have

been free from negligence. He is bound to use ordinary care in supplying and maintaining proper instrumentalities for the performance of the work required, and generally to provide for the safety of the servant in the course of the employment, to the best of his skill and judgment. And if he fail in the performance of his duty in this particular, he is as liable to the servant as he would be to a stranger." Citing *Hough* v. *Railway Co.*, 100 U. S. 213; *Wabash Railway Co.* v. *McDaniels*, 107 U. S. 454, and 2 Thompson on Negligence, 985–86, § 5.

3. The action of the court below in refusing to give the third instruction asked for by the defendants is also assigned as error. Obviously the objection is not well taken as to the first clause of said instruction, because the first instruction asked for by the defendants and given by the court, embodies the same doctrine, which is that " whenever a claim for damages for injuries is asserted, the injury must be shown by the plaintiff to have been caused by the negligence of the defendant, and the happening of the accident, without additional proof that it was caused by the negligence of the defendant, is not sufficient to establish the liability of the defendant." Except that this language states the proposition more fully, it is, in sense and meaning, the same as the first clause of said third instruction. No court is bound, in the same case, to give two instructions of the same tenor and effect.

As to the second clause of the instruction under consideration, it was clearly irrelevant, because the record does not disclose a particle of evidence tending to fix upon the plaintiff the charge of contributory negligence. It is, therefore, clear that the court below did not err in refusing to give said third instruction.

4. And lastly, it is assigned as error that the court below refused to set aside the verdict and grant a new trial. We are clearly of opinion that the court did not err in this respect. It has already been shown that the verdict was not contrary to the law of the case. And as to the contention that it was con-

trary to the evidence, the grounds for the contention are wholly untenable.

It is unquestionably true that the evidence was strongly conflicting as to whether the "brake" which the plaintiff, the defendant in error here, was attempting to operate at the time of the accident was out of repair and insecure, and whether such want of repair and insecurity was due to the negligence of said defendant companies, the plaintiffs in error here, and was the proximate cause of the injury complained of. This conflict, however, is between the evidence of the plaintiff and that of the defendants. The testimony on behalf of the defendant in error is all clear and consistent to the point that the injury resulted from the defective "brake." This appears from the evidence of the defendant in error himself, whose testimony is strongly corroborated by that of other witnesses. Inasmuch as the court below certified, not the facts proved, but all the evidence adduced at the trial, this court is precluded by the rule of decision prescribed by section 3484, Code of 1887, from comparing and weighing the conflicting testimony, as, by the rules so prescribed, the exceptors, the plaintiffs in error, are put in the attitude of demurrants to evidence; and we must, therefore, affirm the judgment complained of, unless, after rejecting all of their evidence in conflict with that of the defendant in error, and giving full faith and credit to the latter, and to all just inferences fairly deducible therefrom, the judgment still appears wrong.

Considering the evidence in the light of this rule and the principles of law applicable thereto, the case stands as hereinbefore stated. We feel, therefore, constrained to hold that the judgment complained of is without error, and that the same must be affirmed.

JUDGMENT AFFIRMED.