Statement.

---

# Wytheville.

## TALIAFERRO v. SHEPHERD.

June 13, 1907.

Absent, Keith, P.

1. NEW TRIAL.—*Variance Between Allegation and Proof—Failure to Object to Evidence—Waiver.*—A verdict will not be set aside on account of a variance between the allegation and the proof, where the party making the motion made no objection to the admissibility of the evidence when offered, and submitted no motion to exclude it afterwards, but, on the contrary, accepted the issue irregularly tendered, and undertook to maintain his side of the case by countervailing testimony. The objection will be deemed to have been waived.

2. NEW TRIAL.—*After-Discovered Evidence—Diligence.*—A motion for a new trial, on the ground of after-discovered evidence, will be overruled, where, as in this case, the proffered evidence was not newly discovered, or could have been produced at the former trial by the exercise of reasonable diligence.

Error to a judgment of the Law and Equity Court of the city of Richmond in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Meredith & Cocke,* for the plaintiff in error.

*Henry R. Pollard* and *George C. Gregory,* for the defendant in error.

WHITTLE, J., delivered the opinion of the Court.

This action of trespass on the case was brought by W. T. Shepherd, the defendant in error, against the City of Richmond, W. E. Cutshaw, City Engineer, and his assistant, P. P. Taliaferro, the plaintiff in error, to recover damages for the alleged wrongful act of the defendants in raising the grade line of the sidewalk and street in front of the plaintiff's dwelling, by filling in earth, stone and gravel.

The trial resulted in a verdict in favor of the city and Cutshaw, and an adverse verdict and judgment against Taliaferro; and upon his petition this writ of error was awarded.

The chief ground of complaint is that, in the absence of any averment in the pleading to that effect, the jury were instructed and based their finding upon the pretension that the grade line given by Taliaferro to the contractor charged with the construction of the dwelling was erroneous, which error it is alleged occasioned the damage sustained by the plaintiff. In other words, the gist of the charge, which practically permeates all the assignments of error, is that there has been a material departure in the evidence and instructions from the cause of action set out in the declaration.

Conceding, as an original proposition, that the procedure was amenable to that objection, it is, nevertheless, clear that Taliaferro is estopped by his conduct from relying upon that ground of exception. He made no objection to the admissibility of the evidence when offered, and submitted no motion to exclude it; but, on the contrary, accepted the issue irregularly tendered by the plaintiff, and undertook to maintain his side of it by countervailing testimony. He took chances of winning on that issue, and having lost, upon familiar principles, his objection must be considered as waived. *S. V. R. Co.* v. *Moose,* 83 Va. 827, 3 S. E. 796; *Bertha Zinc Co.* v. *Martin,* 93 Va. 791, 22 S. E. 869, 70 L. R. A. 999; *Richmond Ry. &c. Co.* v. *West,* 100 Va. 188, 40 S. E. 643; *Portsmouth St. R. Co.* v. *Peed,* 102 Va. 662, 47 S. E. 850; *N. N. & O. P. Ry. &c. Co.* v. *McCormick,* 106 Va. 517, 56 S. E. 281. There was also an

express waiver by Taliaferro of objection to the consideration by the jury of evidence tending to show that he gave the grade line in question upon verbal rather than written application, which eliminates that feature of the case.

We, therefore, concur in the opinion of the trial court, that the real question in the case at trial was whether Taliaferro furnished Tignor, the contractor, a correct grade line—which issue, as observed, was distinctly submitted to the jury upon conflicting theories of the evidence on correct instructions, and was resolved in behalf of the plaintiff—and that the contention of the defendant, that he was surprised and placed at disadvantage by the variance between the pleading and evidence, is not sustained by the record.

The remaining assignment of error demanding our attention involves the action of the court in over-ruling the motion of the defendant for a new trial, on the ground of newly-discovered evidence.

It appears by affidavits filed in that connection, that, after the jury had returned their verdict, affiants dug into the gravel sidewalk in front of plaintiff's residence, and discovered that the cinder walkway was not eighteen inches below the surface of the present sidewalk, as alleged in the declaration and testified by the plaintiff, but that the true depth was only seven and one-quarter inches. The consideration of the defendant was directed to the plaintiff's contention in regard to the extent of the gravel, both by the pleading and evidence, and his attention was specially called to the identical method of ascertaining the correct quantity of material above the cinder, subsequently adopted, by one of his own witnesses who made that suggestion in his testimony before the jury. The evidence was concluded April 26, the verdict rendered May 6, which afforded the defendant ample time to have procured this piece of evidence and submitted it to the jury. Nevertheless, the test thus repeatedly brought to his notice before verdict was not made until May 13.

It cannot be affirmed of these undisputed facts, that the evi-

dence relied on was either newly-discovered, or that it could not have been produced at the former trial by the exercise of reasonable diligence; yet the concurrence of these circumstances is essential, under the established practice in this State, to entitle a litigant to a new trial on that ground. Our reports contain many cases illustrative of the well settled rule, among which attention may be called to the following: *St. John* v. *Alderson,* 32 Gratt. 140; *Tate* v. *Tate,* 85 Va. 205, 7 S. E. 352; *Field* v. *Com'th,* 89 Va. 690, 693, 16 S. E. 865; *Norfolk* v. *Johnakin,* 94 Va. 285, 26 S. E. 830; *Wright* v. *Agelesto,* 104 Va. 159, 51 S. E. 191.

Upon the whole case, we are of opinion that the judgment ought to be affirmed.

*Affirmed.*