# Richmond.

VIRGINIA CEDAR WORKS v. DALEA.

·109    333
·109    345
'109    743

March 11, 1909.

Absent, Keith, P., and Cardwell, J.

1. PLEADING—*Declaration—Several Counts—Demurrer to Declaration and to Each Count—Defective Counts Ignored—Appeal and Error.*—Generally if a declaration in tort contains more than one count, some of which are good and others bad, and there is a demurrer to the whole declaration and each count thereof, it should be sustained as to the bad counts, else a general verdict and judgment for the plaintiff will, as a rule, be set aside, as the verdict may have been founded on the faulty count. But where the court is satisfied that the defendant has not been prejudiced by the faulty count, the verdict ought not, for that cause only, to be set aside. So where it is manifest that the trial was had on a particular count and that is good, the appellate court will not concern itself with the insufficiency of other counts.

2. PLEADING—*Declaration in Tort—Sufficiency.*—It has never been the purpose of this court to introduce innovations in pleading in negligence cases, or to subject the plaintiff to unreasonable requirements in setting out the cause of his action. All that is necessary is for the pleader to set forth the facts which constitute the cause of action in such manner that they may be understood by the party who is to answer them, the jury who are to ascertain the truth of the allegations, and by the court which is to give judgment.

3. PLEADING—*Declaration in Tort—Sufficiency—Case at Bar.*—A count in tort which sets forth with a reasonable certainty the facts that show that the casualty complained of was proximately due to the defendant's negligence in ordering an inexperienced servant, of whose lack of skill it had knowledge, without instruction and assistance, to operate a dangerous machine, which duty was ordinarily performed by a sawyer and helper, is suf-

ficient. It connects the defendant's negligence with the injury complained of, and sufficiently warns the defendant of the case he is to meet.

4. INSTRUCTIONS—*Interpretation by Counsel—Request for Construction by Court—Writing Required.*—If, pending argument of a case before the jury, counsel object to the interpretation placed by opposing counsel on an instruction which has been given, and requests an instruction from the court construing the language used, it is not unreasonable for the court to require the counsel making the objection to reduce to writing the qualifying or explaining instruction desired, and such is the usual and better practice.

5. NEW TRIAL—*Allegation and Proof—Case at Bar.*—The evidence in the case at bar, viewed from the standpoint of a demurrer to the evidence, establishes the allegation of the declaration that the proximate cause of the plaintiff's injury was the failure of the defendant to provide a sufficient number of competent servants to do the work required.

6. NEW TRIAL—*After Discovered Evidence—Requisites.*—In order to warrant a new trial for after discovered evidence, the evidence must have been discovered since the trial. It must be evidence that could not have been discovered before the trial by the exercise of reasonable diligence. It must be material in its object and such as ought, on another trial, to produce an opposite result on the merits. It must not be merely cumulative, corroborative or collateral.

Error to a judgment of the Circuit Court of Norfolk county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Loyall, Taylor & White,* for the plaintiff in error.

*J. T. Lawless,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The object of this writ of error is to review a judgment obtained by the defendant in error, Juan Dalea, against the

plaintiff in error, the Virginia Cedar Works, in an action to recover damages for personal injuries imputed to the negligence of the defendant.

The first assignment of error relates to the action of the court in overruling demurrers to the original and amended declarations.

The court overruled a demurrer to the original declaration and to each of the four counts thereof, and, thereupon, the plaintiff, by leave of the court, amended his declaration by filing a fifth count, the demurrer to which was likewise overruled.

It is a general rule of practice, that "if a declaration in tort contains two or more counts, some of which are good and others bad, and there is a demurrer to the whole declaration and each count thereof, it should be sustained as to the bad counts, else a general verdict and judgment for the plaintiff will, as a rule, be set aside." *Norfolk & Western Ry. Co.* v. *Stegall,* 105 Va. 338, 54 S. E. 19.

The reason for the rule is that the verdict may have been founded upon an immaterial or faulty count. But where the court is satisfied that the defendant has not been prejudiced by reason of such faulty count, the verdict ought not, for that cause only, to be set aside. Thus, in the present instance, it is apparent that the trial was had upon the case made by the fifth count; and, therefore, if that count be sufficient to maintain the action, no injustice will be done by relaxing the stringency of the general rule; nor need we concern ourselves to consider the alleged insufficiency of the remaining counts. *Standard Oil Co.* v. *Wakefield,* 102 Va. 824, 834, 47 S. E. 830, 66 L. R. A. 792; *Virginia, &c. Wheel Co.* v. *Harris,* 103 Va. 708, 49 S. E. 991.

We shall, accordingly, confine our inquiry to the sufficiency of the fifth count, the essential averments of which are as follows: That the defendant was carrying on the business of manufacturing buckets, barrels and like products, and employed

in connection with its business revolving circular saws and other dangerous machinery; that the plaintiff was hired by the defendant as a common laborer, to keep its yard clear of trash, chips and other *debris* incident to the operation of the plant; that there was in use in the factory at the time of the accident a dangerous machine, known as a bottom machine, to which was attached a large circular saw; that at least two servants were necessary to operate the machine and handle the logs, chains, ropes, belts and other appliances, and it could not be operated, fed and managed by a less number of servants without greatly increasing the risk and danger of the operator; and that it was the custom of the defendant not to employ fewer than two of its servants in such operation; that it was the duty of the defendant to engage a sufficient number of servants to discharge that service with reasonable safety to themselves, and not to assign the plaintiff to such position of danger, and transfer him to essentially new duties and responsibilities and expose him to hazards different from those incident to his original contract of employment, and for the performance of which he was unfitted by reason of lack of experience and skill. Nevertheless, the defendant did not observe its duty in that regard, and although the plaintiff was hired as a common laborer, as before mentioned, the defendant, with knowledge of the increased danger and his lack of experience and skill, without necessary instruction, negligently required the plaintiff to operate the dangerous machine and saw without assistance. That while the plaintiff, in the exercise of reasonable care and without fault on his part, singly and alone, and in obedience to the master's order, was preparing and adjusting a log of wood upon the table used in connection with the rapidly revolving saw, to be cut into designated pieces, his right hand was borne down and forced into sudden contact with the saw, and so injured and mangled that it became necessary to amputate his arm between the wrist and elbow. The count also contains the averment that the increased risk was not so dangerous that a prudent man would have refused to incur it.

It is objected that the count shows no causal connection between the alleged grounds of negligence and the accident; and, moreover, that it does not forewarn the defendant of the case it is required to meet.

The count is not amenable to criticism on either ground. It sets forth with reasonable certainty facts that show that the casualty was proximately due to the defendant's negligence in ordering an inexperienced servant, of whose lack of skill it had knowledge, without instruction and without assistance, to operate a dangerous machine, which duty was ordinarily performed by a sawyer and helper.

It has never been the purpose of this court to introduce innovations in pleading in negligence cases, or to subject the plaintiff to unreasonable requirements in setting out his cause of action. All that is necessary is for the pleader "to set forth the facts which constitute the cause of action, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court who is to give judgment." Surely, this oft-repeated and reasonable rule of the common law (taken literally from 1 Chitty's Pleading—9th Am. ed.—232-3), while not unduly burdensome on the plaintiff, is quite sufficient to advise the defendant of the case he is called upon to defend. This subject has been so recently and so repeatedly discussed by this court, that it demands neither elaboration nor citation of authority.

The next assignment of error arises in connection with the plaintiff's instruction No. 1.

That instruction told the jury that it was the duty of the defendant to use reasonable care not to expose its servant to risks beyond those incident to the service at the time of the contract of employment. And if they believed from the evidence that while the plaintiff was performing his duties with ordinary care, the defendant violated its duty in the particular indicated, and that such breach of duty on its part was the

proximate cause of the injury, the defendant is liable in damages; unless the jury should further believe from the evidence that the risk to which the servant was exposed was so glaring, constant and imminent that an ordinarily prudent man would have refused to incur it.

In interpreting that instruction, the plaintiff's counsel argued that, although the plaintiff assumed the risks incident to his employment as a laborer in the yard, he did not assume the risk of operating without assistance the machine by which he was injured, unless the risk was of such a character that an ordinarily prudent man ought to have declined to assume it. Thereupon, counsel for the defendant objected to that line of argument, and requested the court to instruct the jury verbally as to the meaning of the instruction; to which request the court replied, that counsel could give his interpretation of the instruction, but if he desired an instruction from the court construing the language used, he must reduce such instruction to writing.

The instruction in question was taken substantially from an instruction founded upon a similar state of facts approved in *Va. &c. Cement Co.* v. *Luck,* 103 Va. 427, 49 S. E. 577. See also *Goodman* v. *R. & D. Ry. Co.,* 81 Va. 586, and *R. & D. Ry. Co.* v. *Burnett,* 88 Va. 542-3, 14 S. E. 372.

The terms placed upon counsel by the court—namely, that if he wished an instruction qualifying or explaining an instruction already given, he must reduce it to writing—were not unreasonable, and are in accordance with the usual and better practice in such case.

The next assignment of error is to the alleged failure of the plaintiff to show that the absence of a sufficient number of servants was the proximate cause of the accident.

From the standpoint of a demurrer to the evidence, this assignment is without merit. Indeed, the following admission in the petition for the writ of error would seem to answer the contention: "In the case at bar, the plaintiff, as shown by the

evidence, claimed that he should have had an assistant to help him lift extra heavy logs on the table connected with the circular saw, and because he did not have such an assistant and attempted to lift an extra heavy log he lost his balance and fell against the saw."

The plaintiff testified that two men were always necessary to lift the heavier logs. He was a young Italian laborer, who could not speak English, and understood very little of the language. Testifying through an interpreter as to how the accident happened, he said: "He was lifting up a piece that was extra heavy. He thought probably he could handle it. He had been doing it for a day, but in picking up this piece and putting it over, it over-balanced him, and bore him against the saw and cut his hand off."

This evidence establishes a state of facts which sufficiently shows the causal connection between the injury received and the failure of the defendant to provide the plaintiff with an assistant to help him feed and operate the machine. *Improvement Co.* v. *Smith's Admr.*, 85 Va. 306, 7 S. E. 365, 17 Am. St. Rep. 59; *Marshall* v. *Valley R. Co.*, 99 Va. 805-6, 34 S. E. 455; *Virginia, &c. Co.* v. *Tomlinson*, 104 Va. 249, 51 S. E. 362.

The remaining assignment of error concerns the action of the court in overruling the defendant's motion for a new trial, on the ground of after-discovered evidence.

The theory of the defendant as to the cause of the accident, as testified to by the foreman in charge of the saw-room, is that Dalea was at the rear side of the saw cleaning the trash away with a little stick, and as he turned around he threw his hand on the back of the saw and received the injury of which he complains. The after-discovered evidence is that of two of the hands in the factory. Neither saw the accident, but one of them claims to have seen the plaintiff immediately before it occurred scraping saw-dust from under the rear end of the saw; and the other states that he saw him immediately after the ac-

cident standing at the rear end of the saw. The effect of this evidence, if true, is merely corroborative of the testimony of the foreman.

The rule governing the granting of new trials on the ground of after-discovered evidence is well settled, and is stated by Judge Cardwell, in *Norfolk* v. *Johnakin*, 94 Va. at page 290, 26 S. E. 832, as follows: "Motions for new trials are governed by the same rules in civil as in criminal cases, and the circumstances controlling the granting of new trials upon the ground of after-discovered evidence are summed up by this court in *Nicholas' case,* 91 Va. 753, 21 S. E. 368, thus:

"1st. The evidence must have been discovered since the trial.

"2d. It must be evidence that could not be discovered before the trial by the exercise of reasonable diligence.

"3d. It must be material in its object and such as ought, on another trial, to produce an opposite result on the merits.

"4th. It must not be merely cumulative, corroborative or collateral." Citing 4 Min. Inst. Pt. I, 758; *St. John's Ex'or* v. *Alderson,* 32 Gratt. 140, 143; *Wynn* v. *Newman's Admr.,* 75 Va. 817; *Whitehurst* v. *Com'th,* 79 Va. 556. See also *Taliaferro* v. *Shephard,* 107 Va. 56, 57 S. E. 585, 1 Va. App. 293.

It does not appear that this evidence could not have been discovered before the trial by the exercise of reasonable diligence. Both affiants were employees of the defendant, and the simple inquiry as to what *they knew* of the accident (though neither saw it) would have elicited the desired information. Besides, the evidence is only cumulative and corroborative of the testimony of the foreman. So that in neither aspect do the affidavits measure up to the required standard.

Upon the whole case, we find no error in the judgment complained of, and it must be affirmed.

*Affirmed.*