# CHARLESTON.

## STATE v. RODGERS.

Submitted September 11, 1917.    Decided September 18, 1917.

1. CRIMINAL LAW—*Appeal—Prejudicial Error—Burden of Showing.*
   To obtain reversal of a judgment of conviction in a criminal prosecution, the accused must show that actual prejudice to him resulted from the proceedings in the trial court.    (p. 680).

2. INTOXICATING LIQUORS—*Public Nuisance—Ownership.*
   Upon an indictment charging maintenance of a public nuisance by knowingly permitting unlawful sales of intoxicating liquors in a building therein described as ''owned and occupied'' by defendant, proof of legal title by her is not essential. Possession and control of the premises are all the statute requires.    (p. 681).

3. CRIMINAL LAW—*Evidence—Variance—Motion to Strike.*
   The objection of variance between the allegation and proof of ownership in such a prosecution is not available after verdict, if the evidence complained of was not objected to when offered and no motion thereafter was made to strike it out.    (p. 681).

Error to Criminal Court, Raleigh County.

Della Rogers was convicted of keeping and maintaining a liquor nuisance, and she brings error.

> *Judgment corrected and affirmed.*

*Dunn & Anderson,* for plaintiff in error.

*E. T. England,* Attorney General, and *Chas. Ritchie,* Assistant Attorney General, for the State.

LYNCH, PRESIDENT:

Della Rogers was convicted in the criminal court of Raleigh county upon an indictment charging that she kept and maintained a public nuisance, created knowingly by permitting unlawful sales of intoxicating liquors in a house owned and occupied by her in that county.   The circuit court having refused her a writ of error, she brought the case here for review upon several assignments, most of which, because immaterial and unimportant, deserve only brief notice.

Whether a female tenant named Smith, who occupied part

of the building jointly owned by defendant and her husband, also therein sold intoxicating liquors, or that defendant operated a restaurant in a part of the property within the time charged in the indictment, could not, if proved, have weight in determining the guilt or innocence of the accused. Nor did she suffer prejudice because witnesses testified they had heard of the evil repute of the house three years before the return of the indictment as a place of unlawful sales of liquor. The interrogatories propounded properly limited the time covered by them; and the answers complained of did not respond to the queries. Defendant does not now complain of proof as to the reputation of the house when properly restricted, and did not in the petition for this writ assign the admission thereof as ground for reversal.

The only other basis for reasonable criticism of the judgment is the instruction propounded by defendant and refused. Its purport is that unless the state proved beyond a reasonable doubt that defendant was "the owner of the house" during the time laid in the indictment, and knew intoxicating liquors were sold therin in violation of law within that period, the jury should acquit her. That part of the instruction relative to sales of liquors with defendant's knowledge can not be impugned as unsound, or as unsupported by competent and conclusive proof. Sales were made as charged, by defendant in person, by her avowed employees in her presence, and by them in her absence. Of these violations she must have had personal knowledge. Reasonable minds could reach no other conclusion, and the jury so found.

The other proposition contained in the instruction may not be quite so clear, when viewed in the light of the proof. The deed admitted in evidence at the instance of the state, without objection, revealed a joint legal title in defendant and her husband. But the indictment charges her to be the sole owner and occupier of the property at the time of the sales proved; and, as a witness, she admits having during the same period actual and exclusive possession and control of the property, and that she had recently theretofore confessed to charges preferred by an indictment against her for permitting the

same to be used for immoral and unlawful purposes. Clearly, she controlled and managed the premises, and rightfully could have prevented unlawful practices and conduct in them. She then occupied the premises within the meaning and intendment of the formal accusation. So that she was not entitled to have the court say without qualification that before a conviction could follow the jury must believe beyond a reasonable doubt that she was the owner of the house. Such a statement, under the circumstances detailed, would have limited the inquiry to actual ownership. Such actual ownership of the premises wherein liquors are kept for sale and sold is not necessary to constitute the offense of maintaining a nuisance. Possession and control are all that the statute requires. 2 Woollen & Thornton Int. Liq. §654. Obviously there was no error in the refusal of the instruction. Nor is an objection on the ground of variance between the allegation and proof of ownership now available to defendant. She did not raise any question as to the admissibility of the deed in evidence when offered, or thereafter move to strike it out, or assign variance as ground for a new trial. The question comes too late when raised for the first time after verdict. *Coal Co.* v. *Schwartz,* 177 Ill. 272; *Libby* v. *Scherman,* 146 Ill. 540. Or, as held in *Railway Co.* v. *McCormick,* 106 Va. 517, and *Taliaferro* v. *Shepherd,* 107 Va. 56, the variance, if any, will be treated as waived. 12 Cyc. 567.

The last ground of complaint is the fee of ten dollars allowed by the circuit court to the prosecuting attorney in the order refusing defendant's petition for the writ of error. On what authority the allowance was made nowhere appears. None is pointed out, and none perceived. Jurisdiction upon this writ confers the power to correct the judgment by the elimination of that item. As authority therefor, we cite *Bank* v. *Woodford,* 34 W. Va. 480, and *Graham* v. *Bank,* 45 W. Va. 701, 708.

Except as to such item, the judgment will be affirmed.

*Judgment corrected and affirmed.*