# Wytheville

JOSEPH R. IVES AND MARGARET C. IVES v. MATILDA SAUNDERS.

June 16, 1932.

Present, Campbell, C. J., and Hudgins, Epes, Browning and Chinn, JJ.

The opinion states the case.

*Old & Brockenbrough,* for the plaintiffs in error.

*R. G. L. Paige, Frederic J. Thorogood* and *James G. Martin,* for the defendant in error.

CHINN, J., delivered the opinion of the court.

By contract in writing dated September 23, 1919, Joseph R. Ives, acting for himself and as agent for his wife, Margaret C. Ives (hereinafter referred to as defendants), sold to Matilda Saunders, a colored woman (hereinafter referred to as plaintiff), a certain house and lot in the city of Norfolk for the sum of $2,250.00, upon the following terms: $200.00 cash upon the delivery of the contract, $50.00 payable December 1, 1919, and the balance of $2,000.00 to be paid on "building and loan association plan" of $7.40 per week, $5.00 of which to be credited on account of purchase price and $2.40 to be credited as interest and dues; said weekly payments to begin on October 1, 1919, and continue for six years and six months thereafter, with right to the purchaser to pay the balance at any time.

Plaintiff made the cash payment of $200.00 upon delivery of the contract, and was put in possession of the property, and additional payments were made on the contract up to December 4, 1925. On that date the defendants, without the knowledge or consent of the plaintiff, conveyed the house and lot to her husband, Edward Saunders, who thereupon executed a deed of trust on the property to secure a loan of $1,000.00, out of which he paid the defendants the sum of $925.20 claimed to be the balance

then due them on the contract, and for taxes and insurance premiums they had paid, amounting to $216.00. Edward Saunders subsequently died, and the property was sold under the deed of trust to satisfy the debt secured thereby. Shortly afterwards the plaintiff brought this action to recover the amount paid by her up to the date of the deed to Edward Saunders, claiming that the delivery of said deed constituted a breach of the contract referred to.

The trial of the case resulted in a verdict and judgment in plaintiff's favor for the sum of $1,348.00, which the defendants have brought before this court for review.

It is contended by the defendants that the sum allowed by the jury is in excess of the total amount paid by plaintiff on account of the purchase price of the property.

According to the books and accounts kept by Mr. Ives and produced in evidence, up to the date of the deed to Edward Saunders, including the cash payment, there had been paid on account of the contract the total sum of $2,313.75, of which sum $1,548.00 was credited by Ives on the original purchase price, and $765.75 was credited to interest and dues. It is admitted that plaintiff paid the sums of $200.00 and $50.00, respectively, as stipulated, and also paid the weekly installments of $7.40 each for two years and six months, but it is claimed that all subsequent payments were made by Edward Saunders on his own account.

It appears that at the time the plaintiff bought the property, Edward Saunders was in New Jersey, but about three months afterwards he returned to Norfolk, and several months later, on account of his conduct towards her, plaintiff left the premises in the occupancy of her husband and children and obtained employment at Ocean View, where she remained until after his death. It is argued as being improbable that plaintiff would have continued the payments under the circumstances, and that she could not have done so out of the wages she was receiving.

■ It is conceded as a fact, however, that plaintiff kept up the payments in full for over two years after she and her husband separated, and if the jury believed her testimony, which is not inherently incredible and was corroborated by her daughter, they were justified in finding that she earned the money by her own labor and continued to make the payments up to the time the property was deeded to Edward Saunders.

It moreover appears that all the payments made on the property were entered by Mr. Ives in a book kept by the plaintiff for the purpose, and just before the property was conveyed to Edward Saunders he made up a statement of the account in the name of "Matilda Saunders in account with Jos. R. Ives and Margaret C. Ives," thereby recognizing their contract with plaintiff was still in force, and giving her credit for all the payments made up to that time. Therefore, even if it be conceded that Edward Saunders furnished the money for any of said payments, it is only reasonable to assume that they were accepted by defendants on account of the contract with plaintiff, and for her benefit.

Defendants complain of the verdict upon the further ground that the jury failed to allow them credit for the $216.00 they paid out for taxes and insurance, and also failed to take into consideration the rental value of the house and lot from the time plaintiff took possession until it was conveyed to Edward Saunders, which they claim was $6.00 per week, and would have amounted for that period to the sum of $1,944.00.

■ The general rule is well settled in Virginia, in equity at least, that on a contract for the sale of real estate, the rentals and profits derived therefrom belong to the vendee in possession, although the conveyance has not passed, and the vendor is entitled to the interest on the purchase money from the date on which he took possession, unless the parties by their contract have provided otherwise. *Barnett*

v. *Cloyd's Ex'rs*, 125 Va. 546, 100 S. E. 674, and authorities cited; *Sale* v. *Swann*, 138 Va. 198, 120 S. E. 870; *Oliver's Ex'r* v. *Hallam's Adm'r*, 1 Gratt. (42 Va.) 298, and cases cited.

We have found no Virginia case in which the question of rental value was involved in an action by the vendee to recover the purchase money and interest thereon, as in the case before us. It has been generally held, however, that in the absence of special agreement, when for the vendor's breach of his contract the vendee elects to recover the amount he has paid on the purchase price, the vendor is entitled to offset against the vendee's claim for interest upon the purchase price his claim for the reasonable rental of the premises during the time the vendee was in possession. But according to the weight of authority the rental value can be set-off against the interest only, and not against the purchase price. See authorities collected in Note, 48 A. L. R., pages 60–64; 29 Am. & Eng. Ency. L., pages 707–709. See, also, *Thompson's Ex'r* v. *Guthrie's Adm'r*, 9 Leigh (36 Va.) 101, 33 Am. Dec. 225. As previously stated, at the time defendants breached their contract, plaintiff had paid $1,548.00 on the purchase price, and interest amounting to $765.75. The verdict of the jury was for only $1,348.00 without interest. It is, therefore, evident that the jury took into consideration the amount defendants claimed for taxes and insurance, and allowed them the interest which plaintiff had paid and also the interest she was entitled to recover from the time of the breach, in lieu of the rental value of the property while it was occupied by herself, her husband and her children up to the time defendants disabled themselves from completing their contract by conveying the property to another. Manifestly the defendants could not justly claim both rent and interest under the circumstances, and we, therefore, find no ground upon which to hold that the verdict was excessive as claimed by the defendants.

The next assignment of error relates to two instructions given for the plaintiff over defendants' objection. As the instructions complained of fairly present the plaintiff's theory of the case, and the propositions of law embraced therein are in conformity with the views hereinbefore expressed, it would serve no useful purpose to discuss them in detail. We, therefore, deem it only necessary to say that, after careful consideration, we find no merit in the objections offered to these instructions.

The final assignment of error is the refusal of the court to set aside the verdict and grant a new trial on the ground of after-discovered evidence.

In support of their motion, defendants filed the affidavits of one W. F. Hayes and of the defendant, Joseph R. Ives.

The Hayes affidavit states in substance that he is a house carpenter, and in 1919 was employed by Joseph R. Ives to make certain repairs on the house sold to Matilda Saunders; that a colored woman was living in the house at the time who told him she was Matilda Saunders and had purchased the house; that he saw her daily for about a week and heard several people refer to her as "Matilda," or "Mrs. Saunders;" that on June 21, 1930 (thirty-seven days after the verdict in this case), affiant saw a colored woman who claims to be the Matilda Saunders who purchased the house, and that the woman he saw was not the Matilda Saunders who was occupying the house in 1919.

The Ives affidavit is substantially as follows:

1. That in his testimony at the trial affiant "stated positively that the Matilda Saunders who testified at the trial as Matilda Saunders was not the Matilda Saunders to whom I sold the house 847 Howard street on September 9, 1919; that this was a surprise to me and put me on inquiry;"

2. That after the trial affiant looked into the records in the clerk's office of the corporation court, and found that one Matilda Saunders residing at 847 Howard street pur-

chased, in March, 1921, furniture in the amount of $445.95, payable $20.00 per month;

3. That by deed dated June 10, 1926, Edward Saunders gave a deed of trust on said property to secure $125.00, stating that he was unmarried; and that R. G. L. Paige (one of the attorneys now representing plaintiff) took his acknowledgment and withdrew said deed from the clerk's office.

■ Leaving out of view the question, whether the defendants exercised due diligence to secure the alleged newly discovered evidence before the verdict, it seems clear that the essential requirements of the established rules on the subject are lacking in several respects. As stated in Mr. Ives' affidavit, he claimed and testified at the trial that the plaintiff was not the woman who signed the contract. The plaintiff and her daughter testified to the contrary, thereby putting the question of plaintiff's identity before the jury, who found in her favor upon that issue. It is, therefore, manifest that the evidence contained in the Hayes affidavit, if it can be considered as showing anything definitely, is only cumulative and corroborative of the testimony which Mr. Ives gave on the subject at the trial.

The new evidence set out in the Ives affidavit as to what he discovered in the clerk's office only shows that Matilda Saunders, or someone in her name, purchased furniture in 1921, when it is admitted she was regularly paying the installments on the contract; and that Edward Saunders, in 1926, while he and his wife were living apart, gave a deed of trust wherein he stated he was unmarried. None of this evidence, though true, can be considered such as ought, on another trial, to produce an opposite result on the merits of the case. Matilda Saunders might have bought furniture, and her husband might have represented himself as single, without in any degree affecting Matilda Saunders' right of recovery, or tending to show that the person appearing as plaintiff in the case was an imposter.

■ Among the settled rules on the subject of granting a new trial on the ground of after-discovered evidence are the following: The evidence must be material in its object, and not merely cumulative, corroborative, or collateral; and it must be such as ought to produce, on another trial, an opposite result on the merits. *Virginia Cedar Works* v. *Dalea*, 109 Va. 333, 64 S. E. 41; *Richmond* v. *Poore*, 109 Va. 313, 63 S. E. 1014; *Wilson's Ex'r* v. *Keckley*, 107 Va. 592, 59 S. E. 383; *Barsa* v. *Kator*, 121 Va. 290, 93 S. E. 613.

■ When scrutinized, it is apparent that the evidence relied on does not measure up to the standards prescribed by these rules, and the motion was, therefore, rightly denied by the trial court. A new trial for after-discovered evidence is only granted with great reluctance and with special care and caution. *Barsa* v. *Kator, supra.*

For the foregoing reasons we are of opinion that the judgment of the trial court should be affirmed.

*Affirmed.*