Christian, J.,
delivered the opinion of the court.
The bill in this case is filed by the appellee, George W. Alderson, to enjoin all further proceedings on a judgment rendered in the county court of Washington county against *141 him and others, who were his sureties, in favor of the appellants, who are the executors of Berry St. John. The bill alleges that in the trial in the county court it proved that the debt claimed in the suit at law was paid r # x to Heiskill, sheriff of Washington county; but it was held, that the said sheriff had no authority to receive the money at the time it was paid ; that in said suit at law it became necessary for the said Alderson, in order to protect himself against a judgment for the said sum of money paid to Heiskill, to prove that Heiskell had paid over the same to Berry St. John ; that St. John being dead, Aider-son could Dot testify as a witness on his own behalf; that lie relied in that suit upon the evidence of a witness who was a grandson of Berry St. John, who had voluntarily stated before the trial that he had heard St. John say that the Alderson debt had been paid, and made the same statement on the witness stand, but afterwards was recalled, at his owu instance, to explain and correct his evidence.
The bill further alleges that after the trial and judgment in the suit at law, he had discovered evidence not only material but absolutely conclusive of his case; that of this evidence he had no knowledge, and only accidentally discovered the same since the trial. The bill further sets forth the character of the newly discovered evidence, and gives the names of the witnesses, and the facts he expects to prove by each of them.
To this bill the executors of Berry St. John were made parties, and an injunction was awarded accordingly, restraining all further proceedings upon said judgment.
The executors answered the bill. They do not deny that the debt had been paid to Heiskill the sheriff (for the receipt of Heiskill for the debt is filed with the bill)—but deny that it was ever paid over to their testator. They insist that the issue made up in the suit at law was, whether the money paid to Heiskill (who had no authority to receive it), was ever paid over to their testator; that witnesses *142 had been introduced to show that it had been paid, and that their testator had admitted its payment; and that this issue of payment directly made and settled on, the county court held the debt had not been paid, and rendered judgment for the same. They further insist that the-alleged after discovered evidence is merely cumulative, and is evidence of like import as that heard at the trial» and therefore furnishes no ground for a new trial.
The circuit court held that the plaintiff in the injunction suit (the defendant in the suit at law, and appellee here) was entilled to a new trial, and accordingly directed an issue to be tried on the law side of the court, whether the debt of $261.20, with interest 'thereon from the 10th day of May, 1861, mentioned in the writing obligatory, commonly called a forthcoming bond, made by the plaintiff, George W. Alderson and James Fulcher and James L. Cole (his sureties), for the penalty of $522.40, to Campbell St. John, for the benefit of Berry St. John, dated 10th May, 1861, was paid to Berry St. John in his lifetime; and it was further ordered that the said George W. Aider-son be plaintiff in said issue.
Upon the trial of this issue the jury found the following verdict (which was certified to the chancery side of said circuit court): “We, the jury, find that the money was paid to Berry St. John.” Upon the verdict thus certified,, the circuit court, on the chancery side thereof, entered its decree, by which it was adjudged, ordered and decreed, “that the injuntion heretofore awarded in this court is made perpetual, and that the plaintiff recover against the defendants his costs in this behalf expended, including his costs of the trial of the issue heretofore directed, to be paid out of their testator’s assets; and the cause is stricken " from the docket.”
From this decree an appeal was awarded' by one of the judges of this court.
The court is of opinion that there is no error in the decree of the circuit court.
*143 The single question we have to determine is, whether the after-discovered testimony relied on by the plaintiff in the injunction suit (the appellee here) was merely lative or was material, and such as was discovered since the former trial, and could not have been discovered by due diligence.
"With respect to granting new trials on the ground of newly discovered testimony, there are certain principles of law which must be considered settled.
1. The testimony must have been discovered since the former trial; 2. It must appear that the new testimony could not have been obtained with reasonable diligence on the former trial; 3. It must be material to the issue; 4. It must go to the merits of the case, and not to impeach the character of a former witness; 5. It must not be merely cumulative. The first four requisites above named are clearly met in the case before us, and the only question we have to determine is, was the newly discovered evidence merely cumulative? As to what constitutes cumulative evidence is a question of some nicety.
As was said by Judge Maury in Guyot v. Butts, 4 Wend. R. 579, “I find no.case in which a very distinct definition is given of cumulative evidence. The courts have sometimes used expressions seeming to warrant the inference that proof which goes to establish the same issue that the evidence on the first trial was introduced to establish is cumulative. If the evidence newly discovered, as well as that introduced on the trial, had a direct bearing on the issue, it may be cumulative. But we are not to look at the effect to be produced as furnishing a criterion by which all doubts in relation to this kind of evidence are to be settled. The hind and character of the facts mahe the description. It is their resemblance that makes them cumulative. The facts may tend to prove the same proposition, and yet be so dissimilar in hind as to afford no pretence for saying they are cumulative.”
*144 It is said by Mr. Hilliard iu his valuable work on new . J trials—“Although the rule that a new trial will not be on account of newly discovered cumulative evidence, is a rule that will be relaxed with great caution ; , yet it is said that the court ought not to shut their eyes to ¡ajas^ce on account of facility of abuse in oases of this sort; and it is sometimes held that they will not refuse a new trial on the ground of newly discovered evidence, for the reason that such evidence is cumulative merely, if it is sufficient to render clear that which was before a doubtful case, or in a nicely balanced case, or if it is conclusive, or of such a character as prima facie to raise a strong probability that it will be decisive of the case.” See Hilliard on New Trials, § 17, p. 504, and cases there cited.
Without adopting in full these views of the learned author, it is sufficient to say, that the case before us comes within the rule so clearly stated by Judge Maury (supra). The hind and character of the facts offered as newly discovered evidence make the true distinction. The facts offered may tend to prove the same issue, and yet be so dissimilar in kind as to afford no pretence for saying they are merely cumulative. Now, in the case before us, the issue on the trial at law, was whether the money paid by Alderson to Heiskell, sheriff, was paid over to St. John. Certainly there was evidence tending to show an admission by St. John, that the debt was paid.
But in the newly discovered evidence offered, a witness is produced to prove, and who does prove, that he saw St. John receive this money from Heiskell, sheriff, on account of the Alderson debt. This evidence, it is true, tends to prove the issue of payment, but is dissimilar in kind, and if true, is conclusive of the case. It cannot be said to be merely cumulative. It makes certain that which was uncertain.
It enables a jury to reach a conclusion which meets the demands of justice.
*145 It produces a different result upon the second trial, which is consonant with right and truth, and prevents the payment for the second time of a debt already Evidence producing these results, and especially being dissimilar in kind to that offered on the first trial, cannot be said to be merely cumulative.
The court is therefore of opinion that there is no error in the decree of the circuit court, and that the same be affirmed.
Decree affirmed.