𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

WYNNE v. NEWMAN'S ADM'OR, &c.

Absent, *Moncure*, P.

1. A bill was brought to obtain a new trial of an issue in an action at law, in which there was a verdict and judgment for the defendant. At the hearing the court annulled the judgment, set aside the verdict, and ordered a new trial in the action at law. A court of chancery, under our system of jurisprudence, is invested with no such power as this. It may act on the parties, but not directly on the judgment, nor on the court which rendered it.

2. Such judgment, by a court having jurisdiction to render it, can be vacated only by some direct proceeding at law, either in the court in which the judgment was recovered, or in some other court having appellate jurisdiction.

3. There are cases in which the court has required the defendant in chancery to submit to a new trial, and restrained him from enforcing the judgment complained of. But the regular course would seem to be for the chancery court to order such issue or issues as may be proper, and to base its decree on the finding of the jury at the hearing, either dissolving or perpetuating the injunction in whole or in part, according to circumstances.

4. In the present case, if a new trial was proper, the court should have ordered an issue the same as in an action at law, to be tried as other issues out of chancery are tried, the verdict of the jury, if the trial was in the law court, to be certified to the chancery court, and in the meantime, continue the injunction till the hearing of the cause; and if the finding was for the defendant, and approved, dissolve the injunction; if for the plaintiff, perpetuate the injunction and decree for the complainant according to the verdict.

5. Courts of equity, as well as courts of law, sometimes grant new trials on the ground of after-discovered evidence, but always with great reluctance and never except under special circumstances, which may be

summed up thus : 1. The evidence must have been discovered since the trial. 2. It must be evidence that could not have been discovered before the trial by the plaintiff or defendant, as the case may be, by the exercise of reasonable diligence. 3. It must be material in its object, and such as ought on another trial to produce an opposite result on the merits. 4. It must not be merely cumulative, corroborative, or collateral.

6. Evidence newly discovered is said to be cumulative in its relation to the evidence on the trial, when it is of the *same kind and character*. If it is dissimilar in kind, it is not cumulative, in a legal sense, though it tends to prove the same proposition ; and the discovery of evidence, though not strictly cumulative, is not sufficient, if it does not bear directly on the issue, but is collateral only.

7. The appellate court—and this is equally applicable to a chancery court considering a bill for a new trial on the ground of after-discovered evidence—will not on that ground interfere with the decision of the trying court, unless it has before it all the evidence heard in the latter court ; and the observance of this rule is necessary to prevent the granting of new trials in consequence of the discovery of merely cumulative facts and circumstances relating to matters which may have been controverted on the former trial.

At August rules, 1874, Thomas Newman, administrator *de bonis non* of T. Newman, deceased, filed his bill in the clerk's office of the circuit court of York county, against Edmund T. Wynne and Thomas Curtis, alleging that Susan M. Newman, late executrix of the said decedent, in 1868, brought an action in said court against the said E. T. Wynne, surviving obligor, on a bond in the penal sum of $2,200, executed by him and T. W. Whittaker as principal, to the said executrix ; that issue was joined on a plea of *non est factum* in said action, and the trial resulted in a verdict and judgment for the defendant; that since the qualification of said administrator, facts had come to his knowledge which, together with his previous knowledge of the mental and physical condition of Mrs. Newman, satisfied him that the said verdict and judgment were erroneous ; that among the facts so learned were the following: that Mrs. Newman was in very feeble health both before and

during the said trial, and was unable to attend to business, or furnish her attorney with the names of witnesses to be summoned, or otherwise assist him in preparing for the trial, and that she could not conveniently communicate with persons outside of her immediate family to ascertain the facts and witnesses material to her case. In addition to these matters, it was alleged that the said Wynne, in January, 1867, in consideration of $15,560, conveyed to the said Curtis all his land and personal property for certain specified objects, and after the trial aforesaid was had, the said Wynne had the land reconveyed to him—which transactions were charged to be fraudulent. It was further shown that the said Wynne, on several occasions, requested R. Mallicote to deliver a message to Mrs. Newman, asking her not to sue him and promising to pay the said bond, and that Wynne had spoken of it as his bond. It was charged that the message was not conveyed to Mrs. Newman, that she did not know of Wynne's admission about the bond, and that the plaintiff had no knowledge of said facts until recently, and long after the said trial. It was admitted that other evidence than that produced at the trial might have been discovered by proper diligence on the part of Mrs. Newman, if she had been in a condition to exercise such diligence, but that such evidence could now be obtained if a new trial should be granted. The prayer was that the judgment and verdict be set aside; that the action be revived in the name of the plaintiff, as administrator *de bonis non;* that a new trial be granted, and for general relief.

Wynne answered the bill, denying that the said executrix ever held, or that he had ever executed, a bond payable to her as such, in the penal sum of $2,200, and dated January 1st, 1854, although she doubtless held one of that description. It was admitted that she had brought the action aforesaid, and that a judgment was rendered for

the respondent on the plea of *non est factum;* but he denied that any information had reached the plaintiff which would in any manner have influenced the verdict on the trial aforesaid. It was admitted that Mrs. Newman might have been in delicate health at the time, but it was insisted that she was otherwise capable of transacting business and had actually done so since the said trial; and it was alleged that Thomas Newman, the complainant, had rendered every possible service to the counsel of Mrs. Newman in the prosecution of said action, and that the counsel were zealous, faithful and capable. It was denied that the deed to Curtis was intended to defraud the said executrix or the estate of her testator, or that the respondent ever sent the said message to Mrs. Newman, or ever spoke of the bond as his. There were other allegations in the answer not necessary to be here stated, and depositions were taken on both sides.

The cause came on to be heard on the 1st of May, 1877, and the court, being of opinion that the proofs of after-discovered evidence, and of the mental and physical condition of Mrs. Newman, did not alone justify the interference of the court with the judgment aforesaid; but that the deed from Wynne to Curtis in connection with the deed of Curtis and Bennett to Wynne, together with all the facts and circumstances, showed a case that ought to be submitted to a jury, it was decreed that the judgment and verdict aforesaid be set aside and that a new trial be had by the said administrator, with leave to revive the said action, etc.; and from this decree an appeal and *supersedeas* were obtained.

Burks, J., delivered the opinion of the court.

This is an appeal from a decree awarding a new trial of an issue in an action at law, in which there was a verdict and judgment for the defendant.

If the complainant was entitled to relief, the mode of granting it was improper. At the hearing the court annuled the judgment, set aside the verdict of the jury and ordered a new trial in the action at law. A court of chancery, under our system of jurisprudence, is invested with no such power as this. It may act on the parties, but not directly on the judgment, nor on the court which rendered it. Such judgment by a court having jurisdiction to render it, can be vacated only by some direct proceeding at law, either in the court in which the judgment was recovered or some other court having appellate jurisdiction, See 2 Story's Eq. Jurisprudence, § 1571; Graham & Waterman on New Trials, ch. 17, pp. 1482, 1483, and cases cited.

There are cases in which the court has required the defendant in chancery to submit to a new trial in the action at law, and restrained him from enforcing the judgment complained of. But the regular course would seem to be for the chancery court to order such issue or issues as may be proper, and to base its decree on the finding of the jury at the hearing, either dissolving or perpetuating the injunction, in whole or in part, according to circumstances. Such was the course pursued by this court in *Knifong* v. *Hendricks*, 2 Gratt. 213. In the present case, if a new trial was proper, the court should have ordered an issue, the same as in the action at law, to be tried as other issues out of chancery are tried, the verdict of the jury, if the trial was in the law court, to be certified to the chancery court, and in the meantime continue the injunction till the hearing of the cause; and if the finding was for the defendant and affirmed, dissolve the injunction; if for the plaintiff, perpetuate the injunction and decree for the complainant according to the verdict.

But we think the decree is erroneous on the merits. There are substantially but two grounds presented in the bill for a new trial. First, newly discovered evidence; sec-

·ond, fraud of the defendant Wynne in obtaining the verdict and judgment. As to the latter, the charge is in general terms, and is positively denied in the answer. No facts and circumstances indicating such a fraud are stated, and none proved or attempted to be proved. The circumstance ·of the making of the deeds falls properly under a different head, and will be noticed in the proper connection. The allegation of the inability of the plaintiff in the action at law to transact business and render assistance to her counsel in the prosecution of the suit, is offered as an excuse why the evidence afterwards discovered was not adduced on the trial, rather than as an independent cause for a new trial. Alone, on the proofs, it is certainly not a sufficient ground ·for the interference of a court of equity. The plaintiff was in feeble health, and some of the witnesses express the ·opinion that her mind was affected by it. On the other hand, it is quite clear that she had sufficient capacity to transact business. She probably could not attend the court, if she had been so disposed; but she retained experienced, competent, and faithful counsel to represent her, and she had the assistance of her sons, who advised with the counsel, and one of them testified in her behalf on the trial, as did also one of her counsel. The suit appears to have been diligently, earnestly, and zealously prosecuted. There is nothing in the record to warrant the belief that the preparation for trial, the management of the case and the result would have been different if she had been in perfect health.

The real ground of the application for a new trial is the alleged discovery of new evidence. Upon this ground, courts of equity, as well as courts of law, sometimes grant new trials, but always with great reluctance, and never except under special circumstances. These circumstances, so familiar to the bench and bar, may be summed up thus: 1. The evidence must have been discovered since the trial.

2. It must be evidence that could not have been discovered before the trial by the plaintiff or defendant, as the case may be, by the exercise of reasonable diligence. 3. It must be material in its object, and such as ought on another trial to produce an opposite result on the merits. 4. It must not be merely cumulative, corroborative or collateral. 4 Minor's Inst., part 1, 758, 759, and numerous cases there cited; *St. John's Ex'ors* v. *Alderson,* 32 Gratt. 140, 143. The evidence alleged to be newly discovered consists of the statements of Mallicote and Jones, the deed of trust by Wynne, and the release.

It is by no means clear that the plaintiff in the suit at law, or her counsel, was not aware at the trial of what Mallicote and Jones professed to know about the transaction. Mallicote resided with the plaintiff at the time, and was requested, as he says, to bear from Wynne to the plaintiff a message which admitted Wynne's liability for the debt. He promised to deliver the message, and he does not say that he failed to deliver it. And Jones was the plaintiff's son-in-law. It is not very probable that the knowledge they now profess to have would have been withheld in the pending litigation either from the plaintiff or her counsel. Indeed, the counsel, who testified on the trial as to Wynne's admissions, states that he was then informed (he does not say by whom) that other evidence besides his own could be produced tending to prove Wynne's liability, but he thought his own was sufficient.

But, clearly, the statements of Mallicote and Jones are merely cumulative evidence of facts testified to by others on the trial. Evidence newly discovered is said to be cumulative, in its relation to the evidence on the trial, when it is of *the same kind and character.* If it is *dissimilar* in kind, it is not cumulative, in a legal sense, though it tends to prove the same proposition. Marcy, J., in *Guyot* v. *Butts,* 4 Wend, 579, cited by Judge Christian in *St. John's Ex'ors* v.

*Alderson,* 32 Gratt. p. 143. Of the same import is the language of Chief Justice Savage, in *The People* v. *Superior Court of New York,* 10 Wend. 285, 294. "According to my understanding of cumulative evidence," says the judge, "it means additional evidence, to support *the same point,* and which is of *the same character* with evidence already produced."

Smith and Frederick Newman testified on the trail to Wynne's oral admissions as to his liability on the bond. The testimony of Mallicote and Jones is of precisely the same character. It is therefore cumulative, and merely so.

As to the evidence supposed to be furnished by the deeds, while it cannot be regarded as cumulative, as that term is understood in the law, because it is not similar in kind to that adduced on the trial, so far as we have the latter, yet it does not bear directly on the issue, but is rather collateral, unless it may be considered as tending to establish an implied admission by Wynne of his liability on the bond as obligor. To give it that effect, it must be first shown that the deed of trust was made to defeat the result of a recovery on the bond. The charge of fraud in the deed is denied in the answer, and no proof offered to establish it. But, besides, to authorize the granting of a new trial, the after-discovered evidence, as we have seen, must be such as to satisfy the court that it ought, on another trial, produce an opposite result on the merits. Of this the court can seldom, if ever, be satisfied, unless all the evidence on the former trial is before it. *Callaghan* v. *Kippers,* 7 Leigh, 608. Referring to this case in *Adams* v. *Hubbard,* 25 Gratt. 129, 136, Judge Staples, speaking for the court, said: "This case plainly establishes the rule that the appellate court will not undertake to interfere with the decision of the trying court upon the ground of after-discovered evidence, unless it has before it all the evidence heard in the latter court. The observance of this rule is necessary to prevent the granting of new trials in conse-

quence of the discovery of mere cumulative facts and circumstances relating to matters which may have been controverted on the former trial"; and, as said by the judge, the decision in 7 Leigh, *supra*, received the unanimous approval of the court in *Markham* v. *Boyd*, 22 Gratt. 548. What is said of the appellate court applies with equal force to a chancery court considering an application by bill for a new trial at law on the ground of after-discovered evidence.

Now, while we have a portion of the plaintiff's evidence on the trial of the action of law, we have none of the defendant's. So it is impossible to say that if the new evidence is admitted the result ought to be different on another trial.

There is a further potent reason why a new trial ought not to be granted. At the former trial the appellant Wynne had the benefit of his own testimony, the obligee in the bond being then alive. She is now dead, and he cannot testify in his own behalf on another trial. Possibly he might be allowed to give proof of his testimony on the former trial, though that is doubtful. (*Chess* v. *Chess and others*, 17 S. & R. 409, 412.) However that may be, he could not testify anew, nor be heard as a witness in reply to the proof on the other side. The objection applies with peculiar force under the circumstances. The former trial was had in September, 1869. The plaintiff lived until April, 1872. The present complainant qualified as the second administrator of Thomas Newman in July, 1872, and did not file his bill until July, 1874, nearly five years after the verdict and judgment complained of. These circumstances alone would seem to be sufficient to deter the court from interference.

The decree of the circuit court will be reversed and the bill dismissed.

The decree was as follows :

This day came again the parties by their counsel, and the court, having maturely considered the transcript of the record of the decree aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said decree is erroneous; therefore it is decreed and ordered, that the said decree be reversed and annulled, and that the appellee Thomas Newman, administrator *de bonis non* with the will annexed of Thomas Newman, deceased, pay to the appellant his costs by him expended in the prosecution of the appeal aforesaid here; and this court now proceeding to render such decree as the said circuit court ought to have rendered, it is further decreed and ordered that the bill of the complainant be dismissed, and that out of the goods and chattels of his testator, in his hands to be administered, he pay to the defendant Edmund T. Wynne his costs by him expended in his defence in this cause in the said circuit court; which is ordered to be certified to the said circuit court of York county.

DECREE REVERSED.