COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Decker, Malveaux and Senior Judge Clements
Argued at Richmond, Virginia


LEVERT ALEXANDER COSBY

MEMORANDUM OPINION* BY
v.        Record No. 1982-16-2            JUDGE JEAN HARRISON CLEMENTS
NOVEMBER 21, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Gregory L. Rupe, Judge

Lauren Whitley, Deputy Public Defender, for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Appellant was convicted of felony failure to appear. On appeal, he contends that the trial

court erred by prohibiting him from introducing evidence that he arrived at the courtroom twenty

minutes late on the date of trial. He also asserts that the trial court erred by denying his motion

to strike[1] because the evidence was insufficient for a rational fact finder to conclude his failure to

appear was "willful." For the reasons that follow, we affirm the trial court's denial of appellant's

motion to strike, but conclude that the trial court erred in its evidentiary ruling regarding

appellant's arrival at the courthouse. Accordingly, we reverse appellant's conviction and remand

the case for further proceedings should the Commonwealth be so advised.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Because appellant was tried by a jury, we interpret appellant's assignment of error
attacking the sufficiency of the evidence as an assertion that the trial court erred by denying his
motion to strike.

Background

"When considering on appeal the sufficiency of the evidence presented below, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Wells v. Commonwealth, 65 Va. App. 722, 725, 781 S.E.2d 362, 364 (2016) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Appellant was charged with possession of a firearm by a convicted felon and possession of marijuana with the intent to distribute. He stood trial on May 5, 2016, but after that proceeding ended in a mistrial, the second trial was set with a jury for July 14, 2016, at 10:00 a.m. When appellant failed to appear at 10:00 a.m., the trial court dismissed the jury and issued a capias for his arrest.[2]

Appellant was arrested for felony failure to appear. Prior to trial on that charge, the Commonwealth filed a motion *in limine* seeking to preclude testimony from Curtis Mullins, a former police detective,[3] that appellant was present at the courthouse at 10:20 a.m. on July 14, 2016, dressed for trial. The Commonwealth argued that appellant's late arrival was irrelevant and would tend to confuse the jury. Defense counsel maintained that the testimony was relevant to whether appellant's failure to appear for trial was "willful." The trial court agreed with the

---

[2] The record does not indicate how long the trial judge waited before dismissing the jury and issuing the capias.

[3] At the time of appellant's trial, Mullins was working as an investigator for the Office of the Public Defender.

Commonwealth and granted the motion; however, the trial court ruled that Mullins could testify at sentencing regarding appellant's late arrival.

At trial, Detective Patrick Mansfield testified that he appeared in court at approximately 10:00 a.m. on July 14, 2016, to testify at appellant's trial. Mansfield stated that the witnesses and potential jurors were present in the courtroom, but appellant was not. Mansfield acknowledged he could not recall exactly what time he "went downstairs from the third floor," but estimated he left the court around 10:30 or 11:00 a.m. Likewise, Mansfield could not recall how long after 10:00 a.m. appellant's case was "called" to begin.

Mullins testified on behalf of the defense. He stated that he was outside the courtroom when appellant's case was called for trial on July 14, 2016, and that Mullins did not see appellant in the courthouse at that time. Mullins also testified that appellant had appeared in a timely manner at his earlier trial in May. Defense counsel attempted to elicit testimony from Mullins regarding whether he ever saw appellant at the courthouse on July 14, 2016, but the trial court sustained the Commonwealth's objection.

Appellant's aunt, Shawishi Washington, also testified for the defense. She stated that appellant was living with her on July 14, 2016, and that she had planned to drive him to court because neither appellant nor any other family member had a driver's license.[4] Washington explained that, as of July 14, 2016, she was recuperating from lung surgery in June 2016 and was still taking pain medications. Washington noted that she took her pain medication "early" on the morning of July 14, 2016, but became "sick" when she was unable to eat enough food with the medication. Washington testified that she soiled her clothes prior to leaving for court and was delayed in leaving her house with appellant. She estimated that she left her house at approximately 9:45 a.m., but encountered traffic. Washington stated that she dropped appellant

---

[4] Washington noted that she had driven appellant to his earlier trial.

off at the door before parking "because [appellant] wanted to get out and run [for] it." She stated that appellant did not bring his cell phone with him to court because he "did not know what the outcome [of the trial would] be" and that he was prohibited from bringing a cell phone into the courthouse. Washington noted that she had left her cell phone at home in the course of "rushing" to get to court. On cross-examination, Washington acknowledged a bus stop was located less than a half-mile from her house, but could not state specifically where because she did not take the bus.

At the conclusion of trial, the jury convicted appellant of felony failure to appear.

At the sentencing hearing, Mullins testified that he saw appellant in the hallway outside the courthouse at 10:20 a.m. dressed for trial. When asked if the jurors and witnesses had been excused at the time Mullins saw appellant, Mullins answered he "didn't know what happened in the courtroom" because he was outside in the hallway.

The jury sentenced appellant to a $1,000 fine.

Analysis

A. Evidentiary Ruling

On appeal, appellant maintains the trial court erred by granting the Commonwealth's motion *in limine* and by excluding Mullins's testimony that he saw appellant in the hallway dressed for court at approximately 10:20 a.m.

"Decisions involving the admission of evidence are reviewed on appeal for abuse of discretion." Booker v. Commonwealth, 60 Va. App. 35, 40, 723 S.E.2d 621, 623 (2012).

> In Virginia, "[a]ll relevant evidence is admissible." Va. R. Evid. 2:402(a)). The determination of whether to admit evidence "rests within the sound discretion of the circuit court and will only be disturbed on appeal upon a showing of an abuse of discretion." Gamache v. Allen, 268 Va. 222, 228, 601 S.E.2d 598, 601 (2004). Further, "[i]n determining whether [relevant] evidence should be admitted, the circuit court must apply a balancing test to assess the

probative value of the evidence and its prejudicial effect." Id. at 227, 601 S.E.2d at 601.

Lee v. Spoden, 290 Va. 235, 251, 776 S.E.2d 798, 806 (2015).

Under Virginia Rule of Evidence 2:401, "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact in issue more probable or less probable than it would be without the evidence." The scope of relevant evidence in Virginia is quite broad, as "[e]very fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue is relevant." Virginia Elec. & Power Co. v. Dungee, 258 Va. 235, 260, 520 S.E.2d 164, 179 (1999); see also Charles E. Friend & Kent Sinclair, The Law of Evidence in Virginia § 6-1, at 342 (7th ed. 2012) ("If [evidence] has *any* probative value, however slight — i.e., if it has any tendency whatsoever to prove or disprove the point upon which it is introduced — it is relevant.").

Commonwealth v. Proffitt, 292 Va. 626, 634, 792 S.E.2d 3, 6-7 (2016). Pursuant to Virginia Rule of Evidence 2:403(a),[5] the trial court has the authority to exclude relevant evidence only when its "probative value is substantially outweighed by the danger of unfair prejudice," Egan v. Butler, 290 Va. 62, 72, 772 S.E.2d 765, 771 (2015) (quoting Va. R. Evid. 2:403(a)) (emphasis omitted), or when the evidence is "[likely to] confus[e] or mislead[] the trier of fact," Va. R. Evid. 2:403(a).

Appellant was charged with felony failure to appear in violation of Code § 19.2-128(B). Code § 19.2-128(B) provides that "[a]ny person (i) charged with a felony offense . . . who willfully fails to appear before any court as required shall be guilty of a Class 6 felony." "'Willfully,' as used in Code § 19.2-128(B), has the customary meaning that the act must have been done 'purposely, intentionally, or designedly.'" Hunter v. Commonwealth, 15 Va. App. 717, 721, 427 S.E.2d 197, 200 (1993) (*en banc*). "Any failure to appear after notice of the

---

[5] Virginia Rule of Evidence 2:403(b) also provides that relevant evidence may be excluded if it is "needlessly cumulative." Because the trial court's decision was not based upon subsection (b), and because the Commonwealth does not argue that the evidence was properly excluded on this basis, we restrict our analysis to subsection (a).

appearance date is *prima facie* evidence that such failure to appear is willful." Williams v. Commonwealth, 57 Va. App. 750, 763, 706 S.E.2d 530, 536 (2011) (quoting Hunter, 15 Va. App. at 721, 427 S.E.2d at 200). Thus, "[w]hen the government proves that an accused received timely notice of when and where to appear for trial and thereafter does not appear on the date or place specified, the fact finder may infer that the failure to appear was willful." Hunter, 15 Va. App at 721, 427 S.E.2d at 200. However, "[the] correct application [of willfully] in a particular case will generally depend upon the character of the act involved and the attending circumstances."[6] Id. (quoting Lambert v. Commonwealth, 6 Va. App. 360, 363, 367 S.E.2d 745, 746 (1988)).

---

[6] The trial court rejected defense counsel's argument that evidence regarding the time appellant appeared in court was relevant to whether his failure to appear was "willful." The trial court observed as follows;

> Let me stop you [defense counsel] there. Willful, in my estimation, is different from what you're talking about. All right. If he's got a neurological problem that puts him in the hospital and was carried there, then that would be willful.

> And I am keenly aware of the caselaw that's involved. It is not a specific intent crime. Unless he was incarcerated, dead, involuntarily hospitalized, I'm saying, it's on him, as far as I'm concerned. I'm saying that on the record. Okay. . . . Not the definition of willfulness. That is not for the jury. That's the way it's going to be.

Later, when defense counsel attempted to revive her argument that appellant's arrival twenty minutes late was relevant to whether his failure to appear was "willful," the Commonwealth expressed a "concern" that such evidence might "confuse the jury." The trial court stood by its original ruling, stating:

> I disagree with you [that the evidence is relevant]. I'm not going to get confused. Either he shed [sic] up, or he didn't show up. If we get to sentencing, I'll let you introduce that . . . . I sustain the motion. Any motion *in limine* – You guys take this up all the time. I never know exactly what it is you're trying to get in. The only question here for me is whether he shows up or didn't show up when he was supposed to.

Appellant does not dispute that he failed to appear in court at the designated time, but argues he was entitled to present evidence rebutting the inference that his failure to appear was "willful." We agree. "Intent may, and most often must, be proven by circumstantial evidence and the reasonable inferences to be drawn from proven facts are within the province of the trier of fact." Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991). "Intent may be shown by a person's conduct and by his statements." Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989).

Evidence regarding the time of appellant's arrival at court and the extent of his tardiness was relevant to whether he made a good faith effort to appear in court at the designated time and date and to whether he "purposely, intentionally, or designedly" failed to appear. Such testimony from Mullins was extremely probative on the issue of appellant's intent and was not "substantially outweighed by . . . the danger of unfair prejudice[] or . . .likel[y] [to] confus[e] or mislead[] the [jury]." Va. R. Evid. 2:403(a).[7]

Accordingly, the trial court abused its discretion by refusing to allow Mullins to testify and by granting the Commonwealth's motion *in limine*.

### B. Harmless Error

Furthermore, after "examining the excluded evidence in light of the entire record," Proffitt, 292 Va. at 642, 792 S.E.2d at 11, we cannot conclude the error was harmless. In both civil and criminal cases, "the erroneous exclusion of evidence is reversible error when the record fails to show plainly that the excluded evidence could not have affected the verdict." Id. (quoting Barkley v. Wallace, 267 Va. 369, 374, 595 S.E.2d 271, 274 (2004)).

---

[7] Because we conclude that Mullins's testimony should have been admitted on the basis that it was relevant to whether appellant "willfully" failed to appear, we need not address appellant's argument that the testimony should also have been admitted as "impeachment" or "contradiction" evidence.

An error is harmless (1) if "other evidence of guilt is 'so overwhelming and the error so insignificant by comparison that the error could not have affected the verdict,'" or, "even if the evidence of the defendant's guilt is not overwhelming, [(2)] if the evidence admitted in error was merely cumulative of other, undisputed evidence."

McLean v. Commonwealth, 32 Va. App. 200, 211, 527 S.E.2d 443, 448-49 (2000) (quoting

Ferguson v. Commonwealth, 16 Va. App. 9, 12, 427 S.E.2d 442, 444-45 (1993)) (other citation

omitted).

> We "will not reverse a trial court for evidentiary errors that were harmless to the ultimate result." Shifflett v. Commonwealth, 289 Va. 10, 12, 766 S.E.2d 906, 908 (2015). "Under the harmless error doctrine, if there was 'a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . for any . . . defect, imperfection, or omission in the record, or for any error committed on the trial.'" Id. (quoting Code § 8.01-678). "[W]e apply the standard for non-constitutional harmless error, which is that such error is harmless if we can be sure that it did not 'influence the jury' or had only a 'slight effect.'" Id. (quoting Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731-32 (2001)).

Carter v. Commonwealth, 293 Va. 537, 544-45, 800 S.E.2d 498, 502 (2017).

Here, we cannot conclude that Mullins's testimony regarding the time of appellant's appearance in the courthouse would have been "cumulative" or that its exclusion had only a "slight effect" on the ultimate decision reached by the jury. In the context of deciding whether the exclusion of evidence is error, the Supreme Court has explained the concept of cumulative evidence as follows:

> "Relevant evidence may be excluded if . . . the evidence is *needlessly* cumulative." Va. R. Evid. 2:403(b). We do "not . . . look at the effect to be produced" by evidence when considering whether it is cumulative, but rather to the "kind and character of the facts." St. John v. Alderson, 73 Va. (32 Gratt.) 140, 143 (1879). Indeed, "[t]he facts may tend to prove the same proposition, and yet be so dissimilar in kind as to afford no preten[s]e for saying they are cumulative." Id.; see also Egan v. Butler, 290 Va. 62, 73, 772 S.E.2d 765, 771 (2015) (evidence that was "sufficiently different in kind and degree with such admitted

- 8 -

evidence" was not "needlessly cumulative"). "Cumulative testimony is repetitive testimony that restates what has been said already and adds nothing to it. It is testimony of the same kind and character as that already given." Massey v. Commonwealth, 230 Va. 436, 442, 337 S.E.2d 754, 758 (1985) (citing St. John, 73 Va. (32 Gratt.) at 143). *A party may offer multiple forms or sources of evidence to establish a matter, and the fact that offered evidence is "cumulative to some extent" will not preclude its consideration by the trier of fact*. Id. (citing Lacks v. Commonwealth, 182 Va. 318, 324, 28 S.E.2d 713, 715 (1944)).

Proffitt, 292 Va. at 640-41, 792 S.E.2d at 10 (emphasis added).

Here, Mullins's excluded testimony differed in both content and weight from that offered by Washington. While Washington testified that she was delayed in leaving her house with appellant due to health problems, she did not testify regarding the precise time she dropped him off outside the courthouse. Because she was parking the car, she also could not testify regarding what time appellant was in the hallway outside the courtroom. Likewise, because Mansfield could not recall the time appellant's case was called for trial, or exactly when the jurors and witnesses were released, his testimony that appellant was not present when the case was called did not provide the jury with any evidence regarding how long the trial court waited for appellant to appear. Thus, the content of Mullins's excluded testimony regarding the time of appellant's presence in the courthouse was not the same as that offered by other witnesses.

Furthermore, even if Washington had testified to the time appellant appeared in the courthouse, her familial relationship with appellant rendered her testimony less credible than that of a witness like Mullins. Because Mullins was a disinterested witness and a former law enforcement officer, the jury could have found his testimony more credible and may have given it more weight than that of a relative; it also corroborated Washington's testimony that appellant made a good faith effort to appear on time. For these reasons, Mullins's testimony was not of the "same kind and character" as that offered by Washington. See id. at 641, 792 S.E.2d at 10.

- 9 -

In Proffitt, the Commonwealth appealed after a jury failed to commit Proffitt under the Civil Commitment of Sexually Violent Predators Act ("SVPA"), Code §§ 37.2-900 *et seq*. The Commonwealth argued that the trial court erred by excluding testimony from two of Proffitt's former victims, A.G. and M.J. After concluding that the trial court had erred by excluding the victims' testimony, the Supreme Court went on to hold that the error was not harmless. Proffitt, 292 Va. at 643, 792 S.E.2d at 11.

The Supreme Court reached this decision even though a psychologist, Dr. Nevin, testified at the hearing regarding Proffitt's prior offenses and relied upon the police report filed by one of the victims. The Court held as follows:

> After examining the excluded evidence in light of the entire record, we hold that the circuit court's error was not harmless. The Commonwealth's entire case was presented by one witness — Dr. Nevin. Not only would the excluded testimony have corroborated Dr. Nevin's opinion, but A.G.'s testimony specifically would have provided additional facts[8] that Dr. Nevin could have relied upon to strengthen her diagnosis regarding the extent and length of Proffitt's sexual sadism disorder.

Id. at 642, 792 S.E.2d at 11.

"Every man is entitled to a fair trial and to nothing more, and so . . . out of the imperative demands of common sense, has grown the doctrine of harmless error." Id. at 641, 792 S.E.2d at 10 (quoting Oliver v. Commonwealth, 151 Va. 533, 541, 145 S.E. 307, 309 (1928)) (other citations omitted). Like the excluded testimony in Proffitt, Mullins's testimony would have provided additional facts to the jury by informing it of the time appellant arrived at court, and would have strengthened Washington's testimony that appellant made a good faith effort to

---

[8] While Dr. Nevin reviewed the police reports filed by both victims in the course of evaluating Proffitt, she did not rely upon the facts surrounding A.G.'s offense in diagnosing Proffitt because the charge involving A.G. was *nolle prosequied*. Proffitt, 292 Va. at 631, 792 S.E.2d at 5. Thus, the Supreme Court concluded that A.G.'s testimony would have provided Dr. Nevin with additional facts upon which to base her opinion and thereby render it more credible. Id. at 642, 792 S.E.2d at 11.

appear in a timely manner. Because the jury was instructed that the Commonwealth was required to prove appellant "willfully" failed to appear for trial and that "'[w]illfully' mean[t] that the act must have been done purposely, intentionally, or designedly," appellant's appearance at the courthouse approximately twenty minutes after the time set for trial was highly probative on the issue of his intent. While we acknowledge that the trial court instructed the jury it could find "willfulness" based upon evidence that appellant failed to appear at the exact time and date provided in his trial notice, we cannot "be sure that [exclusion of evidence of the time of his arrival] did not 'influence the jury' or had only a 'slight effect.'" Carter, 293 Va. at 545, 800 S.E.2d at 502 (quoting Shifflett, 289 Va. at 12, 766 S.E.2d at 908).

Accordingly, we conclude that the trial court's error was not harmless.

### C. Sufficiency of the Evidence

Our decision that the trial court committed reversible error by excluding Mullins's testimony does not end our analysis. Appellant also maintains that the evidence was insufficient to support his conviction.

Although we reverse appellant's conviction on evidentiary grounds,

> we address [his] sufficiency argument in order to ensure that a retrial on remand will not violate double jeopardy principles: "If the evidence adduced at trial was insufficient to convict [appellant], he is entitled to an acquittal; if he is so entitled, a remand for retrial would violate the Constitution's prohibition against double jeopardy." Parsons v. Commonwealth, 32 Va. App. 576, 581, 529 S.E.2d 810, 812-13 (2000).

Wilder v. Commonwealth, 55 Va. App. 579, 594, 687 S.E.2d 542, 549 (2010). "The issue this Court must resolve in a case such as this is whether the evidence actually presented is sufficient as a matter of law, not whether the evidence that should have been presented is sufficient." Id. at 596 n.7, 529 S.E.2d at 550 n.7 (emphasis omitted).

Appellant asserts that the evidence failed to prove he "willfully" failed to appear for trial. In support of his argument, he cites Washington's testimony that she transported him to court on the morning of trial, but that, through no fault of appellant, she arrived past the designated time for trial.

"[A] reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 906 (2009) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Instead, we ask only 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. at 566, 673 S.E.2d at 906-07 (quoting Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008)). "Thus, the jury's determination in this case could only be overturned if 'no rational fact finder would have come to that conclusion.'" Wilder, 55 Va. App. at 595, 687 S.E.2d at 550 (quoting Haskins v. Commonwealth, 44 Va. App. 1, 9, 602 S.E.2d 402, 406 (2004)).

Based upon the record before us, we conclude sufficient evidence was presented at trial for a rational fact finder to conclude that appellant willfully failed to appear at trial in violation of Code § 19.2-128(B). As previously discussed, proof that a defendant has received timely notice of the date and time of trial and thereafter fails to appear at the designated time is *prima facie* evidence that a defendant's failure to appear was willful. Hunter, 15 Va. App. at 721, 427 S.E.2d at 200. Here, the Commonwealth presented evidence that appellant was present in court on May 17, 2016 when the trial court continued his trial date to July 14, 2016 at 10:00 a.m. Through Mansfield, the Commonwealth also presented evidence that appellant was not present in court on July 14, 2016 when his case was called for trial at approximately 10:00 a.m.

While Washington testified that she was responsible for appellant's late arrival, the jury was entitled to reject her testimony and to conclude that, because she was a family member, she was motivated to provide a false excuse for appellant's failure to appear on time for trial. "[D]etermining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact." Parham v. Commonwealth, 64 Va. App. 560, 565, 770 S.E.2d 204, 207 (2015). "The trier of fact is not required to accept a party's evidence in its entirety, but is free to believe or disbelieve, in whole or in part, the testimony of any witness." English v. Commonwealth, 43 Va. App. 370, 371, 598 S.E.2d 322, 323 (2004) (citations omitted).

Accordingly, we conclude that a rational fact finder could determine that appellant willfully failed to appear for trial and that the evidence was sufficient to support appellant's conviction.

Conclusion

The trial court did not err by denying appellant's motion to strike the evidence because a rational fact finder could conclude that appellant was guilty of felony failure to appear in violation of Code § 19.2-128(B). However, because the trial court committed reversible error by granting the Commonwealth's motion *in limine* and sustaining the Commonwealth's objection to Mullins's testimony regarding the time appellant appeared at the courthouse, we reverse appellant's conviction and remand for a new trial, should the Commonwealth be so advised.

Reversed and remanded.